UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 JUN 29 P 3: 43
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| BRENT KUDSON, <br>     Plaintiff, <br><br> v. <br><br> WACHOVIA BANK, a National banking entity, <br> TRANS UNION, LLC, a foreign limited liability company, EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation, and EQUIFAX INFORMATION SERVICES, LLC, a foreign limited liability company, <br><br>     Defendants. | ) <br> ) <br> ) Civil Action No. _____ <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) 2:07cv608-WHA <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

### *JURISDICTION AND VENUE*

1. The jurisdiction of this Court attains pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue is proper in the Middle District of Alabama as Plaintiff's claims arose from acts of Defendants perpetrated therein.

### PRELIMINARY STATEMENT

2. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* (hereinafter "FCRA"), and of state law obligations brought as supplemental claims.

## PARTIES

3. Plaintiff is a natural person and is a resident and citizen of Elmore County, the State of Alabama and of the United States. Plaintiff is a "consumer" as defined by sections 1681a(c) of the FCRA.

4. Wachovia Bank N.A. (hereinafter "Wachovia"), is a national banking entity doing business in the State of Alabama

5. Wachovia is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

6. Trans Union, LLC (hereinafter "Trans Union"), is a foreign limited liability company licensed to do business in the State of Alabama.

7. Trans Union is a consumer reporting agency, as defined in section 1681f of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

8. Experian Information Solutions, Inc. (hereinafter "Experian"), is a foreign corporation licensed to do business in the State of Alabama.

9. Experian is a consumer reporting agency, as defined in section 1681f of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

10. Equifax Information Services LLC (hereinafter "Equifax"), is a foreign limited

liability company licensed to do business in the State of Alabama.

11. Equifax is a consumer reporting agency, as defined in section 1681f of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

12. Plaintiff's creditworthiness has been repeatedly compromised by the acts and omissions of Defendants.

13. On or about September 2001, Plaintiff signed a loan agreement Wachovia for the purpose of financing an automobile.

14. On or about July 2005, Plaintiff paid Wachovia the entire balance due and closed the account.

15. At the time Plaintiff closed the account, it was approximately 47 days past due.

16. Defendants continue to report the account as being currently delinquent and over 30 days past due even though Plaintiff closed the account.

17. Plaintiff contested the status of the account and filed multiple disputes regarding the account with Wachovia.

18. Wachovia refused Plaintiff's requests to correct Wachovia's error.

19. Wachovia failed its duty to accurately report Plaintiff's account information.

20. Plaintiff contested the Wachovia account information and filed multiple disputes regarding the account with Trans Union, Experian, and Equifax.

21. Trans Union, Experian, and Equifax failed in their duties to investigate the claims by Plaintiff.

22. Trans Union, Experian, and Equifax continue to release this false information to third parties through their credit reporting databases.

23. As a result of the false information reported by Defendants, Plaintiff abstained from applying for credit, had adverse action taken on existing credit accounts and/or was denied credit. Plaintiff has sustained actual damages including emotional distress, headaches, embarrassment and has been forced to retain the services of an attorney regarding this matter.

## STATEMENT OF CLAIMS AGAINST WACHOVIA

24. Plaintiff restates and reiterates herein all previous paragraphs.

25. Wachovia has:

   a) willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA section 1681s-2(b);

   b) defamed Plaintiff by publishing to third parties information regarding his creditworthiness;

   c) invaded the privacy of Plaintiff;

   d) committed unfair and deceptive acts against Plaintiff in the course of its business in violation of the Consumer Protection Act, RCW 19.82.020;

   e) failed its duty to prevent foreseeable injury to Plaintiff.

## STATEMENT OF CLAIMS AGAINST TRANS UNION

26. Plaintiff restates and reiterates herein all previous paragraphs.

27. In the entire course of its action, Trans Union willfully and/or negligently violated the provisions of the FCRA in the following respects:

   a) by willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports.

   b) by willfully and/or negligently failing to comport with FCRA section 1681i.

   c) defaming Plaintiff by publishing to third parties false information regarding his creditworthiness;

   d) invading the privacy of Plaintiff;

   e) failing in its duty to prevent foreseeable injury to Plaintiff.

## STATEMENT OF CLAIMS AGAINST EXPERIAN

28. Plaintiff restates and reiterates herein all previous paragraphs.

29. In the entire course of its action, Experian willfully and/or negligently violated the provisions of the FCRA in the following respects:

   a) by willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports.

   b) by willfully and/or negligently failing to comport with FCRA section 1681i.

    c)    defaming Plaintiff by publishing to third parties false information regarding his creditworthiness;

    d)    invading the privacy of Plaintiff;

    e)    failing in its duty to prevent foreseeable injury to Plaintiff.

## STATEMENT OF CLAIMS AGAINST EQUIFAX

30. Plaintiff restates and reiterates herein all previous paragraphs.

31. In the entire course of its action, Equifax willfully and/or negligently violated the provisions of the FCRA in the following respects:

    a)    by willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports.

    b)    by willfully and/or negligently failing to comport with FCRA section 1681i.

    c)    defaming Plaintiff by publishing to third parties false information regarding his creditworthiness;

    d)    invading the privacy of Plaintiff;

    e)    failing in its duty to prevent foreseeable injury to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief as against Defendants:

a) actual damages;

b) punitive damages;

c) attorney's fees;

d) costs; and

e) for such other and further relief as the Court may deem just and proper.

RESPECTFULLY submitted this the 29th day of June, 2007.

K. ANDERSON NELMS
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
andynelms@jaylewislaw.com
ASB-6972-E63K
Counsel for Plaintiff

THE LAW OFFICES OF JAY LEWIS, LLC
847 S. McDonough Street
Montgomery, Alabama 36104
(334) 263-7733
fax: (334) 832-4390

**JURY TRIAL DEMANDED**