IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRENT KNUDSON, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WACHOVIA BANK, TRANS UNION, | ) | CASE NO. 2:07-cv-00608-WHA-SRW |
| LLC, EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC. and EQUIFAX | ) | |
| INFORMATION SERVICES, LLC, | ) | |
|     Defendants | ) | |

**DEFENDANT TRANS UNION LLC'S ORIGINAL ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Trans Union LLC ("Trans Union"), one of the Defendants herein, and subject to its Partial Motion to Dismiss files this its Answer and Defenses to Plaintiff's Original Complaint ("Complaint") filed by the Plaintiff. The paragraph numbers below correspond to the paragraphs contained in the Complaint to the extent possible.

## JURISDICTION AND VENUE

1.      Trans Union denies the relief sought by Plaintiff in Paragraph 1 of the Complaint, but does not dispute that venue is appropriate in the Middle District of Alabama.  Trans Union admits that the jurisdiction of this Court is appropriate.

## PRELIMINARY STATEMENT

2.      Trans Union admits Plaintiff filed this action under the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq. ("FRCA") and state law.  Trans Union denies any liability to Plaintiff and further denies that Plaintiff suffered damages as a result of Trans Union's credit reporting practices.

2211199.1/SP/83057/0562/072007

**PARTIES**

3.      Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 3 of the Complaint.

4.      Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 4 of the Complaint.

5.      Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 5 of the Complaint.

6.      Trans Union admits that it is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Chicago, Illinois.  Trans Union admits that it is licensed to do business in the State of Alabama.

7.      Trans Union admits a consumer reporting agency as defined in Fair Credit Reporting Act, 15 U.S.C. §1681a(f).   Trans Union also admits that it assembles consumer credit information for the purpose of furnishing consumer reports to third parties.

8.      Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 8 of the Complaint.

9.      Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 9 of the Complaint.

10.      Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 10 of the Complaint.

11.      Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 11 of the Complaint.

## FACTUAL ALLEGATIONS

12.     Trans Union denies the allegations, contained in Paragraph 12, to the extent these allegations could be construed against Trans Union.

13.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 13 of the Complaint.

14.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 14 of the Complaint.

15.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 15 of the Complaint.

16.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 16 of the Complaint.

17.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 17 of the Complaint.

18.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 18 of the Complaint.

19.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 19 of the Complaint.

20.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 20 of the Complaint.

21.     Trans Union denies the allegations, contained in Paragraph 21, to the extent these allegations could be construed against Trans Union.

22.     Trans Union denies the allegations, contained in Paragraph 22, to the extent these allegations could be construed against Trans Union.

2211199.1/SP/83057/0562/072007

23.     Trans Union denies the allegations, contained in Paragraph 23, to the extent these allegations could be construed against Trans Union.  Trans Union also denies the relief sought by Plaintiff in Paragraph 23 of the Complaint.  Finally, Trans Union denies that Plaintiff has suffered any damages as a result of Trans Union's actions.

### STATEMENT OF CLAIMS AGAINST WACHOVIA

24.     Trans Union restates and incorporates its responses to paragraphs 1 – 23.

25.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 25, including subparts a. through e., of the Complaint.

### STATEMENT OF CLAIMS AGAINST TRANS UNION

26.     Trans Union restates and incorporates its responses to paragraphs 1 – 25.

27.     Trans Union denies the allegations contained in Paragraph 26, including subparts a. through e., in the Complaint.

### STATEMENT OF CLAIMS AGAINST EXPERIAN

28.     Trans Union restates and incorporates its responses to paragraphs 1 – 27.

29.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 28, including subparts a. through e., of the Complaint.

### STATEMENT OF CLAIMS AGAINST EQUIFAX

30.     Trans Union restates and incorporates its responses to paragraphs 1 – 30.

31.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 31, including subparts a. through e., of the Complaint.

Trans Union denies the relief sought by Plaintiff in the prayer paragraph, including subparts a. through e., of the Complaint.

## DEFENSES

32.     Plaintiff has failed to state a claim against Trans Union upon which relief can be granted.

33.     At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

34.     Trans Union alleges that any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

35.     Trans Union, in compliance with the Fair Credit Reporting Act, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

36.     Trans Union at all times acted in compliance with the Fair Credit Reporting Act.

37.     Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

38.     Plaintiff's common law and/or state law claims are barred/preempted by the qualified immunity granted by the Fair Credit Reporting Act.

39.     Some or all of Plaintiff's claims against Trans Union are barred by the applicable statute of limitations.

40.     Trans Union did not publish false or inaccurate information regarding Plaintiff.

41.     Any statement made by Trans Union regarding Plaintiff was true or substantially true.

42.     Plaintiff failed to mitigate his alleged damages.

43.     At all relevant times, Trans Union has acted under the qualified immunity provided in the Fair Credit Reporting Act.

44.     At all relevant times, Trans Union has acted under a qualified privilege provided in the common law.

45.     To the extent Trans Union could be found liable, Plaintiff was comparatively/contributorily negligent.

46.     Trans Union affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiff has filed an unsuccessful pleading, motion, or other paper in connection with this action under Section 1681n or o of the FCRA in bad faith or for purposes of harassment.

47.     Plaintiff's alleged injuries were proximately caused in whole or in part by the negligence of Plaintiff, Wachovia Bank, Experian Information Solutions, Inc., and Equifax Information Services, LLC and liability should be reduced accordingly. Issues as to the percentage of each of their responsibility is requested to be submitted to the trier of the fact.

48.     In the event that a settlement is reached between Plaintiff and any other party, Defendant Trans Union is entitled to any settlement credits permitted by law.

49.    Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superceding cause.

50.    Plaintiff assumed the risk for any alleged damages he suffered.

51.    Plaintiff's claims are barred by waiver, laches, and estoppel.

52.    Plaintiff's claims for punitive damages are subject to the limitation and protections contained in Alabama Code §6-11-20; 6-11-21.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, and for such other and further relief as the court deems just.

Respectfully submitted,

/s/  *Kary Bryant Wolfe*

**KARY BRYANT WOLFE**  (WOL016)
WALSTON WELLS & BIRCHALL, LLP
P.O. Box 830642
Birmingham, Alabama 35283-0642
(205) 244-5281
(205) 244-5481 (Fax)

**ATTORNEYS FOR TRANS UNION LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of July, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Keith Anderson Nelms
andynelms@jaylewislaw.com
The Law Office of Jay Lewis
PO Box 5059
Montgomery, AL 36103-5059
334-263-7733
334-832-4390  (Fax)
***Counsel for Plaintiff***

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Experian Information Solutions, Inc.
c/o The Corporation Company
Interstate Park Drive, Suite 204
Montgomery, AL 36109

Wachovia Bank
c/o Prentice Hall Corp. System
150 S. Perry Street
Montgomery, AL 36104

Equifax Information Services, LLC
c/o Prentice Hall Corp. System
150 S. Perry Street
Montgomery, AL 36104

/s/  *Kary Bryant Wolfe*
OF COUNSEL