IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRENT KUDSON,<br>    Plaintiff<br><br>v.<br><br>WACHOVIA BANK, TRANS UNION,<br>LLC, EXPERIAN INFORMATION<br>SOLUTIONS, INC. and EQUIFAX<br>INFORMATION SERVICES, LLC,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)   CASE NO. 2:07-cv-00608-WHA-SRW<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT TRANS UNION LLC'S PARTIAL MOTION TO DISMISS

Defendant Trans Union LLC hereby moves this Court to dismiss, in part, Plaintiff's Complaint. In Plaintiff's Complaint paragraph 1, he seeks "declaratory relief." Private plaintiffs, however, cannot seek injunctive relief, including declaratory judgments, under the FCRA. *See, Jones v. Sonic Automotive, Inc., et al.,* 391 F. Supp 2d 1064, 1065 (N.D. Ala. 2005) (Plaintiff's claim for declaratory judgment dismissed as the court held that equitable relief is not available to private individuals under the FCRA); *Albert v. Trans Union Corp.*, 346 F.3d 734 (7th Cir. 2004); *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir. 2000); *Bumgardner v. Lite Cellular, Inc.*, 996 F. Supp. 525, 527 (E.D. Va. 1998) ("Congress's failure to include injunctive relief as a potential remedy, combined with Congress's express delegation of enforcement of the FCRA to the FTC, clearly indicates that Congress did not intend injunctive relief as a remedy"); *Mangio v. Equifax, Inc.*, 887 F. Supp. 283, 284-85 (S.D. Fla. 1995) (holding that private plaintiffs cannot seek injunctive relief under the FCRA because such relief would circumvent the Federal Trade Commission's ("FTC") discretion to enforce the FCRA).

2211287.1/SP/83057/0562/072007

Sections 1681n and 1681o of the FCRA prescribe the potential civil liability for noncompliance with the FCRA.  Neither section makes any mention of injunctive relief.  Section 1681s(a) of the FCRA, however, does grant the power to obtain injunctive relief, but only to the FTC.  *See* 15 U.S.C. § 1681s(a) ("Compliance with the requirements imposed under this title shall be enforced under the Federal Trade Commission Act . . . . by the Federal Trade Commission").  The omission of an equitable remedy under Sections 1681n and 1681o is significant because Congress expressly created an equitable remedy under Section 1681s(a).  If Congress had intended to give private plaintiffs the right to seek injunctive relief for noncompliance with the FCRA, it would have expressly created an equitable remedy under Sections 1681n and 1681o.  *Washington*, 199 F.3d at 269; *Mangio*, 887 F. Supp. at 285.

Judge Davis of the Eastern District of Texas recently held that not only is injunctive relief not available under the FCRA, but it is not available at common law either because the FCRA preempts state law to the extent those laws are inconsistent with the FCRA.  *Poulson v. Trans Union, LLC*, 370 F.Supp. 2d 592, 593 (E.D. Tex. 2005).

WHEREFORE, the above premises considered, Trans Union LLC respectfully moves this Court to dismiss Plaintiff's claim for declaratory relief.

/s/ *Kary Bryant Wolfe*
**KARY BRYANT WOLFE**  (WOL016)
WALSTON WELLS & BIRCHALL, LLP
P.O. Box 830642
Birmingham, Alabama 35283-0642
(205) 244-5281
(205) 244-5481 (Fax)
**ATTORNEYS FOR TRANS UNION LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of July, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Keith Anderson Nelms
> andynelms@jaylewislaw.com
> The Law Office of Jay Lewis
> PO Box 5059
> Montgomery, AL 36103-5059
> 334-263-7733
> 334-832-4390  (Fax)
> **Counsel for Plaintiff**

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> Experian Information Solutions, Inc.
> c/o The Corporation Company
> Interstate Park Drive, Suite 204
> Montgomery, AL 36109
>
> Wachovia Bank
> c/o Prentice Hall Corp. System
> 150 S. Perry Street
> Montgomery, AL 36104
>
> Equifax Information Services, LLC
> c/o Prentice Hall Corp. System
> 150 S. Perry Street
> Montgomery, AL 36104

/s/ *Kary Bryant Wolfe*
**OF COUNSEL**

2211287.1/SP/83057/0562/072007

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRENT KNUDSON,<br>    Plaintiff<br><br>v.<br><br>WACHOVIA BANK, TRANS UNION,<br>LLC, EXPERIAN INFORMATION<br>SOLUTIONS, INC. and EQUIFAX<br>INFORMATION SERVICES, LLC,<br>    Defendants | CASE NO. 2:07-cv-00608-WHA-SRW |

**ORDER GRANTING PARTIAL MOTION TO DISMISS**

This Court, having considered Defendant Trans Union LLC's Partial Motion To Dismiss, finds that the Motion is well taken and should in all respects be GRANTED in entirety.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Plaintiff's request for declaratory relief is dismissed in its entirety with prejudice to the refiling of the same.

_____
W. HAROLD ALBRITTON, III
UNITED STATES DISTRICT JUDGE