IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **BRENT KNUDSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 2:07-CV-608-WHA-SRW |
| | ) |
| **WACHOVIA BANK, TRANS UNION LLC,** | ) |
| **EXPERIAN INFORMATION SOLUTIONS** | ) |
| **INC; and EQUIFAX INFORMATION** | ) |
| **SERVICES LLC,** | ) |
| | ) |
| **Defendants.** | ) |

**EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT**

Equifax Information Services LLC ("**Equifax**") hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

**Jurisdiction and Venue**

1. To the extent that Plaintiff can maintain this action, which Equifax denies, it admits that jurisdiction is proper in this Court.

**Preliminary Statement**

2. Equifax admits that Plaintiff purports to bring this action for damages based on violations of the FCRA and of state law obligations, all of which Equifax denies any liability.

**Parties**

3. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Equifax admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Equifax admits that it a consumer reporting agency as that term is defined by the FCRA and that it is a Georgia limited liability company registered to do business in Alabama.

**Factual Allegations**

12. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint.

US1900 9146630.1

14. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Equifax denies the allegations contained in Paragraph 21 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Equifax denies the allegations contained in Paragraph 22 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Equifax denies the allegations contained in Paragraph 23 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

US1900 9146630.1

**Statement of Claims Against Wachovia**

24. In response to Paragraph 24 of Plaintiff's Complaint, Equifax reasserts and realleges its responses and defenses as set forth above.

25. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint.

**Statement of Claims Against Trans Union**

26. In response to Paragraph 26 of Plaintiff's Complaint, Equifax reasserts and realleges its responses and defenses as set forth above.

27. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint.

**Statement of Claims Against Equifax**

30. In response to Paragraph 30 of Plaintiff's Complaint, Equifax reasserts and realleges its responses and defenses as set forth above.

31. Equifax denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

**Prayer for Relief**

Equifax denies that Plaintiff is entitled to any of the relief set forth in his prayer for relief.

32. Any allegations not heretofore responded to are denied by Equifax.

**DEFENSES**

1. Equifax complied with the provisions of the Fair Credit Reporting Act in its handling of Plaintiff's consumer credit file, and is entitled to each and every defense afforded to it by that statute.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3. Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. 1681h(e) and/or 1681(t).

4. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and/or laches.

5. Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

6. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

7. Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Equifax has no responsibility or control.

8. Equifax has acted in good faith and without malice or intent to injure Plaintiff.

9. Plaintiff's claim for punitive damages is barred by the provisions of 15 U.S.C. §1681n.

10. To the extent Plaintiff's Complaint seeks the imposition of punitive damages, Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: BMW v. Gore, 517 U.S. 559 (1996); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 923 (2001); State Farm v. Campbell, 538 U.S. 408 (2003) and SAFECO Insurance Co. of America v. Burr, 127 S. Ct. 2201 (2007).

11.     Equifax reserves the right to plead additional defenses that it learns of through the course of discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Equifax prays for judgment as follows: (1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with costs taxed against Plaintiff; (2) that Equifax be dismissed as a party to this action; (3) that Equifax recover from Plaintiff its expenses of litigation, including attorneys' fees; and (4) that Equifax recover such other and additional relief as the Court deems proper.

Dated this 23rd day of July, 2007.

Respectfully submitted,

EQUIFAX INFORMATION SERVICES, LLC

s/Kirkland E. Reid
Kirkland E. Reid (REIDK9451)
Attorney for Equifax Information Services, LLC

OF COUNSEL:

Miller, Hamilton, Snider & Odom, LLC
254 State Street
Mobile, AL 36603
251-432-1414
251-433-1001 (fax)
kirkreid@mhsolaw.com

**CERTIFICATE OF SERVICE**

  This is to certify that on the 23rd day of July the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification to the below named counsel and was also served by depositing same in the U.S. Mail, postpaid, properly addressed to the following:

K. Anderson Nelms
847 S. McDonough Street
Suite 100
Montgomery, AL 36104

                 s/Kirkland E. Reid
                  Kirkland E. Reid

US1900 9146630.1