IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **BRENT KNUDSON,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| **WACHOVIA BANK, N.A., TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and EQUIFAX INFORMATION SERVICES, LLC,** | ) CIVIL ACTION NO. 2:07-CV-608-WHA |
| **Defendants.** | ) |

## DEFENDANT WACHOVIA BANK, N.A.'S MOTION TO DISMISS

**COMES NOW** one of the Defendants, Wachovia Bank, N.A. ("Wachovia"), by and through its undersigned counsel, appearing specially so as to specifically preserve the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves this Court to dismiss plaintiff, Brent Knudson's ("Plaintiff"), Complaint against Wachovia. In support of this Motion, Wachovia states as follows:

1. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Plaintiff's Complaint should be dismissed against Wachovia because it fails to state a claim against Wachovia upon which relief can be granted.

2. The allegations in the Complaint arise out of and relate to the Plaintiff's loan with Wachovia for the purchase of an automobile.

3.  Pursuant to the provisions of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* (the "FCRA"), Plaintiff is a consumer, as that term is defined in the FCRA.[1] Moreover, as contemplated by the FCRA, Wachovia is a furnisher of information. Thus, Wachovia's duties to the Plaintiff under the FCRA are codified at section 1681s-2.

4.  In the Complaint, Plaintiff fails to make any allegations against Wachovia which would allow the Plaintiff to have a private right of action against Wachovia for violations under the FCRA. *See* 15 U.S.C. § 1681s-2(d). Specifically, in order for Wachovia's duties to the Plaintiff under the FCRA to be triggered, the Plaintiff must first show that Wachovia received notice from a consumer reporting agency, as that term is defined in the FCRA,[2] of a dispute by the Plaintiff regarding the completeness or accuracy of his account status with Wachovia. *See* 15 U.S.C. § 1681s-2(b); *see also Abbett v. Bank of America*, 2006 WL 581193, at *3 (M.D. Ala., March 8, 2006).

5.  As shown on the face of the Complaint, the Plaintiff has not alleged that any of the three co-defendant credit reporting agencies actually notified Wachovia of the Plaintiff's dispute of the status of his account with Wachovia. Clearly, the Complaint fails to state a claim against Wachovia and should be dismissed.

6.  Further, the Complaint should also be dismissed insofar as the Plaintiff's state law claims are for violations of duties established by section 1681s-2 of the FCRA.

In support of the Motion, Wachovia relies on the following:

---

[1] The term "consumer" means individual. 15 U.S.C. § 1681a(c).

[2] The tem "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports. 15 U.S.C. § 1681a(f).

7.   Wachovia's Brief in Support of Its Motion to Dismiss, which is being filed contemporaneously herewith.

**WHEREFORE, PREMISES CONSIDERED**, Wachovia requests this Court enter an Order dismissing Wachovia from this matter for the failure of the Plaintiff to state a claim against Wachovia upon which relief can be granted.

Dated this 23rd day of July, 2007.

/s/ Janine L. Smith
Janine L. Smith
Rashad L. Blossom

Attorneys for one of the Defendants,
Wachovia Bank, N.A.

**OF COUNSEL**:

**BURR & FORMAN LLP**
3400 Wachovia Tower
420 North 20th Street
Birmingham, AL  35203
Telephone:   (205) 251-3000
Facsimile:   (205) 458-5100

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by Notice of Electronic Filing, or, if the party does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 23rd day of July, 2007.

K. Anderson Nelms
The Law Offices of Jay Lewis, LLC
P. O. Box 5059
Montgomery, AL  36103-5059
Phone: (334) 263-7733

/s/ Janine L. Smith
OF COUNSEL