IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **BRENT KNUDSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **WACHOVIA BANK, N.A., TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and EQUIFAX INFORMATION SERVICES, LLC,** | ) CIVIL ACTION NO. 2:07-CV-608-WHA |
| | ) |
| **Defendants.** | ) |

### DEFENDANT WACHOVIA BANK, N.A.'S
### BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

**COMES NOW** one of the Defendants, Wachovia Bank, N.A. ("Wachovia"), by and through its undersigned counsel, and submits this Brief in Support of its Motion to Dismiss. For the following reasons, Wachovia's Motion is due to be granted.

### I.

### INTRODUCTION

On or about June 29, 2007, Plaintiff Brent Knudson ("Plaintiff") commenced this action against Wachovia, Trans Union, LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services, LLC ("Equifax" and, together with Trans Union and Experian, the "Credit Reporting Agencies"), by filing a Complaint in this Court and alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et. seq.* (the "FCRA") and of state law obligations brought as supplemental claims. Each of the Plaintiff's claims against Wachovia and the Credit Reporting Agencies arise out of and relate to the Plaintiff's default on his loan with Wachovia to finance the purchase of an automobile. However, pursuant to the provisions of

the FCRA, the liability of Wachovia, as a furnisher of information, is different from the liability of the Credit Reporting Agencies.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's Complaint should be dismissed against Wachovia because it fails to state a claim against Wachovia upon which relief can be granted. In order to prevail on a section 1681s-2(b) claim, the Plaintiff must first show that a Credit Reporting Agency notified Wachovia about the Plaintiff's dispute of section 1681i(a)(2). Only when a furnisher of information receives notice from a credit reporting agency of a consumer's dispute does the furnisher of information's duties under section 1681s-2(b) of the FCRA become triggered. In the absence of his notice event, the Plaintiff has no private right of action against Wachovia. 15 U.S.C. § 1681s-2(d). This is true even if the Plaintiff asserts a claim against the furnisher of information for furnishing inaccurate information to the Credit Reporting Agencies, which is prohibited by section 1681s-2(a).

Moreover, Plaintiff's state law claims against Wachovia should also be dismissed because they are preempted by the provisions of the FCRA. 15 U.S.C. § 1681t. The gravamen of Plaintiff's Complaint in this regard is that Wachovia allegedly reported false and derogatory credit information to the Credit Reporting Agencies concerning the delinquent account status of Plaintiff with Wachovia. However, Wachovia's duty to report accurate information is governed by § 1681s-2(a), which can only be enforced by certain federal and/or state officers as specified in § 1681s-2(d). Thus, allowing Plaintiff to maintain his state law claims against Wachovia based on violations of § 1681s-2(a) is inconsistent with the FCRA, and, as such, Plaintiff's state law claims are preempted by the FCRA. Moreover, Congress, through its enactment of § 1681t(b)(1)(F) of the FCRA, sought to preclude private claims relating to the responsibilities of persons who furnish information to consumer reporting agencies.

Plaintiff's state law claims stem from allegations typical to those Congress sought to preclude. Wachovia is a furnisher of credit information, for which responsibilities and remedies for breaches of those responsibilities have been enumerated by Congress. Plaintiff attempts to make an end-run around § 1681t(b)(1)(F) by pleading his state law claims against Wachovia. Plaintiff's attempt fails.

## II.

## **FACTS**

In the Complaint, Plaintiff alleges claims against Wachovia for (1) violation of the FCRA, (2) defamation, (3) invasion of privacy, (4) unfair and deceptive acts in violation of the Consumer Protection Act, RCW 19.82.020, and (5) negligence.[1] (*See* Complaint, ¶ 24). The Plaintiff's claims in this matter relate to and concern the Plaintiff's loan with Wachovia in September 2001 to finance the purchase of an automobile. (*See* Complaint, ¶ 13). In July 2005, Plaintiff alleges that he paid Wachovia the entire balance due on his loan and closed his account with Wachovia. (*See* Complaint, ¶ 14). Plaintiff admits that, at the time he closed his account, payment due on the loan was 47 days past due. (*See* Complaint, ¶ 15). Nonetheless, Plaintiff alleges that "Defendants continue to report the account as being currently delinquent and over 30 days past due even though Plaintiff closed the account." (*See* Complaint, ¶ 16). Plaintiff further alleges that he "contested the status of the account and filed multiple disputes regarding the account with Wachovia," and that he also "contested the Wachovia account information and filed multiple disputes regarding the account with Trans Union, Experian, and Equifax." (*See* Complaint, ¶¶ 17, 20).

---

[1] Plaintiff appears to make a disguised claim for negligence by merely asserting that Wachovia "failed its duty to prevent foreseeable injury to Plaintiff."

Nowhere in the Complaint does the Plaintiff allege that the Credit Reporting Agencies **notified** Wachovia of the Plaintiff's dispute of the information being reported in connection with his loan pursuant to § 1681i(a)(2) or that Wachovia **received** notice of the Plaintiff's dispute and failed to "conduct a reasonable investigation within 30 days" of receiving said notice.  15 U.S.C. § 1681s-2(b).  Plaintiff merely alleges that Wachovia refused the Plaintiff's "requests to correct Wachovia's error" and that "Wachovia failed its duty to accurately report Plaintiff's account information." (Complaint, ¶¶ 18, 19).  As a result of the alleged false information reported by Wachovia, Plaintiff allegedly "abstained from applying for credit, had adverse action taken on existing credit accounts and/or was denied credit." (Complaint, ¶ 23).  In addition, Plaintiff alleges he "sustained actual damages including emotional distress, headaches, embarrassment and has been forced to retain the services of an attorney..." (*Id.*).  However, as will be shown below, these allegations are irrelevant to support a private right of action against Wachovia under the FCRA.

### III.

### LEGAL ARGUMENT

#### A.   Standard For Dismissal Under Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "tests the legal sufficiency of the complaint." *Gilmore v. Day*, 125 F. Supp. 2d 468, 470 (M.D. Ala. 2000).  To prevail on a Rule 12(b)(6) motion, the defendant must show "that no relief could be granted under any set of facts that could be proved **consistent with the allegations set forth in the complaint**. *Id.* (emphasis added), citing *Hishon v. King and Spalding*, 467 U.S. 69, 73 (1984); *see also Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (stating that dismissal is proper when no construction of the factual allegations will support the cause of

action). In deciding the motion, the court accepts "as true all well-pleaded factual allegations and view them in a light most favorable to the non-moving party." *Id.*

        **B.**    **The Plaintiff's Complaint Fails To State a Claim Against Wachovia For Violations of the Fair Credit Reporting Act.**

The Fair Credit Reporting Act places obligations on three distinct types of entities involved in consumer credit: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies. *Lowe v. Surpas Resource Corp.*, 253 F. Supp. 2d 1209, 1253 (D. Kan. 2003). With regard to Plaintiff's claims in this case, Wachovia qualifies as the third type, a furnisher of information to consumer reporting agencies. *See* Complaint, ¶ 5. The duties of furnishers of information are codified at 15 U.S.C. § 1681s-2. First, under § 1681s-2(a), a furnisher of information has a duty to provide accurate information to credit reporting agencies. Section 1681s-2(d) limits enforcement of subsection (a) to certain federal and/or state officers, and clearly forbids consumers from bringing claims thereunder. *See also Young v. Equifax Credit Information Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002).

Second, under section 1681s-2(b), furnishers of information have four duties that arise only **after** receiving notice from a consumer reporting agency of a dispute regarding the completeness or accuracy of an account: (i) to conduct an "investigation with respect to the disputed information;" (ii) to review all relevant information provided by the credit reporting agency; (iii) to report the results of its investigation to the credit reporting agency; and (iv) if the investigation finds the information is incomplete or inaccurate, to report those results "to all [nationwide] consumer reporting agencies to which the person furnished the information." *See Lowe*, 253 F. Supp. 2d at 1253; *Carney v. Experian Info. Solutions, Inc.*, 57 F. Supp. 2d 496, 502 (W.D. Tenn. 1999). Courts have consistently held that a furnisher's duty under section 1681s-

2(b) is triggered "only **after** the furnisher receives notice of the dispute from a **consumer reporting agency**, not just the consumer." *Lowe*, 253 F. Supp. 2d at 1254 (emphasis added). Therefore, a furnisher of information has no duty to the consumer or a credit reporting agency until after it receives notice from the credit reporting agency of the consumer's dispute.

In several cases, various courts have dismissed complaints for failure to state a claim where the plaintiff did not plead facts sufficient to show that the furnisher's duty was triggered by proper notice under section 1681s-2(b) of the FCRA. For example, in *Peasley v. Verizon Wireless (VAW) LLC*, upon the defendant's motion to dismiss for failure to state a claim, the court dismissed the plaintiff's FCRA complaint because the plaintiff did not allege that the furnisher of information was ever notified by a credit reporting agency of the plaintiff's dispute. 364 F. Supp. 2d 1198, 1200 (S.D. Cal. 2005). *See also Elmore v. North Fork Bancorporation, Inc.*, 325 F. Supp. 2d 336, 340-41 (S.D.N.Y. 2004) (granting defendant's motion to dismiss for failure to state a claim where complaint failed to allege that bank violated its FCRA duties after receiving notice of the existence of a dispute from a **credit reporting agency**) (emphasis added); *Burns v. Bank of America*, 2003 WL 22990065 (S.D. N.Y. Dec. 18, 2003), *rev'd on other grounds*, (dismissing plaintiffs' complaint where plaintiffs did not allege defendants ever received notice from a consumer reporting agency that imposed a duty to investigate); *Yelder v. Credit Bureau Of Montgomery, L.L.C.*, 131 F. Supp. 2d 1275, 1289 (M.D. Ala. 2001) (Albritton, J.) (finding that plaintiff failed to establish a claim under section 1681s-2(b) where plaintiff failed to allege in her complaint that any consumer reporting agency provided furnisher with notice of her dispute); *Carney*, 57 F. Supp. 2d 496 (noting that complaint fails to state a claim under section 1681s-2(b) absent any allegation that a consumer reporting agency notified the defendant of a dispute).

In the instant case, Plaintiff alleges that Wachovia, as the furnisher of information, violated section 1681s-2(b). However, there are absolutely no allegations in the Complaint that Wachovia's duties under § 1681s-2(b) were ever triggered because there is nothing in the Complaint to even suggest that a Credit Reporting Agency ever notified Wachovia of the Plaintiff's dispute concerning the status of his account with Wachovia. Though Plaintiff alleges that he filed multiple disputes with Wachovia, as stated above, notice from Plaintiff to Wachovia does not create liability under the FCRA. *See Yelder*, 131 F. Supp. 2d at 1289 (stating that "furnisher of information has no duty under § 1681s-2(b) until a consumer reporting agency, **and not a consumer**, provides notice to the furnisher of information of a dispute) (emphasis added). Accordingly, Plaintiff's claim against Wachovia for violation of section 1681s-2(b) is due to be dismissed for failure to state a claim under the provisions of the FCRA.

> C. **Plaintiff's State Law Claims Are Preempted By the Fair Credit Reporting Act.**
>
>> 1. **Plaintiff's State Law Claims Based on Section 1681s-2(a) Are Preempted.**

To the extent Plaintiff's state law claims arise from supposedly inaccurate credit reporting, they are due to be dismissed because such claims are preempted by section 1681t(a) of the Fair Credit Reporting Act. This Court has had the occasion to address a similar situation in *Abbett v. Bank of America*, 2006 WL 581193 (M.D. Ala. March 8, 2006). In *Abbett*, the plaintiff sued the defendant bank for violation of the FCRA and, in addition, asserted various state law claims for, among other things, negligence, defamation, and invasion of privacy. *Id.* at *2. The bank moved for summary judgment against the plaintiff, in part, on the grounds that the plaintiff "has no state law private right of action based on the provision of inaccurate information by furnishers to CRAs, which is prohibited by § 1681s-2(a)." *Id.* at *4. Refusing to address the

bank's argument as presented, the Court instead engaged in a preemption analysis and noted that "[t]he FCRA contains express preemption provisions:"

>   (a)   In general
>
>   Except as provided in subsections (b) and (c) of this section, this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, or for the prevention or mitigation of identity theft, *except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency.*
>
>   (b)   General exceptions
>
>   No requirement or prohibition may be imposed under the laws of any State--
>
>   …
>
>   (1)   with respect to any subject matter regulated under--
>
>   …
>
>   (F)   section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply--
>
>   (i)   with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws (as in effect on September 30, 1996) or
>
>   (ii)   with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996);
>
>   …

2006 WL 581193, at *5 (M.D. Ala. March 8, 2006) (emphasis supplied by the Court), quoting 15 U.S.C. § 1681t. In construing section 1681t of the FCRA, the Court noted further that it mandates "compliance with two exceptions: (1) where state laws are inconsistent with the FCRA; and (2) where a State has imposed a requirement or prohibition on furnishers of information to credit reporting agencies. *Id.* And, as the Court explained and decided:

> From the plain language of the statute, Congress unquestionably intended for no claims to be brought against furnishers of information for making inaccurate reports to CRAs except for those brought by the government.  Allowing any private state law action to proceed against a furnisher of information based on violations of duties established by § 1681s-2(a) is inconsistent with the FCRA.  Accordingly, [the plaintiff's] state law claims, *to the extent that they seek to establish liability for violations of duties established by § 1681s-2(a)*, are preempted by the FCRA and will be DISMISSED.

*Id.; see also Lofton-Taylor v. Verizon Wireless*, 2006 WL 3333759 (S.D. Ala. Nov. 14, 2006) (adopting this Court's analysis in *Abbett* with respect to the preemption of state laws claims by § 1681t).  In the instant case, Plaintiff brings state law claims against Wachovia for defamation, invasion of privacy, unfair and deceptive acts in violation of the Consumer Protection Act, and negligence.  Notably, Plaintiff alleges in the Complaint that "Wachovia failed its duty to accurately report Plaintiff's account information." (Complaint, ¶ 19).  As discussed in the *Abbett* case and in Section B, *supra*, a furnisher's duty to report accurate information is governed by section 1681s-2(a), which can only be enforced by certain federal and/or state officers as specified in section 1681s-2(d).  Thus, allowing Plaintiff to maintain his state law claims against Wachovia based on violations of § 1681s-2(a), when Plaintiff otherwise does not have a private cause of action under the FCRA, is inconsistent with the FCRA.  *See Lofton-Taylor* at *7 ("where the plaintiff has no private cause of action under § 1681s-2(a), the plaintiff cannot allege violations of 1681s-2(a) as the basis for state law claims").  Therefore, to the extent that Plaintiff's state law claims seek to establish liability for furnishing inaccurate information to a Credit Reporting Agency, Plaintiff's claims are preempted by the FCRA and are due to be dismissed.

### 2.    Plaintiff's State Law Claims Based On Section 1681s-2(b) Are Preempted.

In addition, to the extent that Plaintiff's state law claims are related to duties established by section 1681s-2(b), such claims are likewise preempted by section 1681t. Though it appears that neither the Eleventh Circuit nor this Court has addressed the issue of preemption of state law claims based on the duties of a furnisher after receiving notice from a credit reporting agency (thus triggering 1681s-2(b)), the district court for the Southern District of Alabama considered the issue in *Riley v. General Motors Acceptance Corp.* and held that preemption is proper. 226 F. Supp. 2d 1316 (S.D. Ala. 2002). In *Riley*, the plaintiff alleged various state law claims against the furnisher for conduct that occurred **after** the furnisher received notice from the credit reporting agency of a discrepancy. *Id.* at 1325. The issue before the court was whether section "1681t(b)(1)(F) preempts the plaintiff's state law claims in an FCRA suit filed in federal court that also alleges state law causes of action." *Id.* at 1321. In holding that the plaintiff's state law claims were preempted by section 1681t(b)(1)(F), the court relied on the language in section 1681t(b)(1)(F), which provides:

> (b)    General exceptions
>
> No requirement or prohibition may be imposed under the laws of any State-
>
> (1)    with respect to *any subject matter* regulated under-
>
> (F)    *section 1681s-2* of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply [to two statutory exemptions concerning Massachusetts and California].

*Riley*, 226 F. Supp. 2d at 1321 (emphasis added), quoting 15 U.S.C. § 1681t(b)(1)(F).  The court also relied on the rationale of other recently reported 1681t(b)(1)(F) cases.[2]  The court ultimately found and concluded "that the plaintiff's state law claims all relate to 'subject matter regulated under section 1681s-2,'" namely, section 1681s-2(b) and, as such, "are completely preempted by 15 U.S.C. § 1681t(b)(1)(F)."  Thus, to the extent that Plaintiff's state law claims in the instant case are based on violations of 1681s-2(b), such claims are completely preempted by section 1681t(b)(1)(F) and are due to be dismissed.

## IV.

## CONCLUSION

For the foregoing reasons, Wachovia requests that this Court dismiss the Plaintiff's Complaint for failure to state a claim against Wachovia for which relief can be granted.

Respectfully submitted,

/s/ Janine L. Smith
Janine L. Smith
Rashad L. Blossom

Attorneys for One of the Defendants,
WACHOVIA BANK, N.A.

**OF COUNSEL:**

**BURR & FORMAN LLP**
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone:    (205) 251-3000
Facsimile:    (205) 458-5100

---

[2]  The *Riley* court considered *Hasvold v. First USA Bank, N.A.*, 194 F. Supp. 2d 1228 (D. Wyo. 2002); *Aklagi v. Nationscredit Financial Services Corp.*, 196 F. Supp. 2d 1186 (D. Kan. 2002); and *Vazquez-Garcia v. Trans Union De Puerto Rico*, 222 F. Supp. 2d 150 (D.P.R. 2002).

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing has been served on the following by Notice of Electronic Filing, or, if the party does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 23rd day of July, 2007:

K. Anderson Nelms
The Law Offices of Jay Lewis, LLC
P. O. Box 5059
Montgomery, AL  36103-5059
Telephone:    (334) 263-7733

                /s/ Janine L. Smith
                OF COUNSEL