IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRENT KNUDSON. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| WACHOVIA BANK, a National banking | ) | 2:07-cv-608 |
| Entity; TRANS UNION, LLC; a foreign | ) | |
| limited liability company; EXPERIAN | ) | |
| INFORMATION SOLUTIONS, INC., a | ) | |
| foreign corporation; and EQUIFAX | ) | |
| INFORMATION SERVICES, LLC; a | ) | |
| foreign limited liability company; | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW defendant Experian Information Solutions, Inc. ("Experian") by its undersigned counsel, and in answer to the Complaint, states as follows:

### I.    RESPONSES TO SPECIFIC AVERMENTS

### JURISDICTION AND VENUE

1.    Experian admits that Plaintiff has alleged jurisdiction based on the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et. seq.* ("FCRA"). Experian further states that it does not have knowledge or information concerning the venue allegations of paragraph 1 of the Complaint. Except as specifically admitted and stated, Experian denies the remaining allegations of paragraph 1 of the Complaint.

### PRELIMINARY STATEMENT

2.    Experian states that the allegations of paragraph 2 of the Complaint are legal conclusions that are not subject to denial or admission. To the extent a response is required, Experian denies the allegations of paragraph 2 of the Complaint.

## PARTIES

3.     Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint.

4.     Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5.     Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint.

6.     Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint.

7.     Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

8.     Experian admits the allegations of paragraph 8 of the Complaint.

9.     Experian admits that it is a consumer reporting agency as defined by 28 U.S.C. § 1681a(f) and that it issues consumer reports as defined by 28 U.S.C. § 1681a(d).  Except as specifically admitted, Experian denies the remaining allegations of paragraph 9 of the Complaint.

10.     Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11.     Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

## FACTUAL ALLEGATIONS

12.     Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint.

13.     Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint.

14.     Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint.

15.     Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint.

16.     Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint.  Experian is unable to access Plaintiff's credit file until it receives his identifying information.  Experian will request this information from Plaintiff and is willing to amend this answer once it obtains the necessary information.

17.     Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint.

18.     Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint.

19.     Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint.

20.     Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint.  Experian is unable to access Plaintiff's credit file until it receives his identifying information.  Experian will request this information from Plaintiff and is willing to amend this answer once it obtains the necessary information.

21.     Experian denies that it failed its duty to investigate the claims by Plaintiff. Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint that concern Trans Union and Equifax.

22.     Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint.  Experian is unable to access Plaintiff's credit file until it receives his identifying information.  Experian will request this information from Plaintiff and is willing to amend this answer once it obtains the necessary information.

23.     Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint.

### STATEMENT OF CLAIMS AGAINST WACHOVIA

24.     Experian incorporates each and every one of the foregoing paragraphs as though fully set forth herein.

25.     Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 25a-e of the Complaint.

### STATEMENT OF CLAIMS AGAINST TRANS UNION

26.     Experian incorporates each and every one of the foregoing paragraphs as though fully set forth herein.

27.     Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 27a-e of the Complaint.

### STATEMENT OF CLAIMS AGAINST EXPERIAN

28.     Experian incorporates each and every one of the foregoing paragraphs as though fully set forth herein.

29.     Experian denies the allegations of paragraphs 29a-e of the Complaint.

### STATEMENT OF CLAIMS AGAINST EQUIFAX

30.     Experian incorporates each and every one of the foregoing paragraphs as though fully set forth herein.

31.     Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 31a-e of the Complaint.

### PRAYER FOR RELIEF

32.     To the extent a response is required, Experian denies that Plaintiff is entitled to the relief requested in the prayer for relief.

## II.    AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CLAIM)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE

### (INDEMNIFICATION)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### THIRD AFFIRMATIVE DEFENSE

### (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate his damages.

### FOURTH AFFIRMATIVE DEFENSE

### (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff is, at least in part, caused by the actions of Plaintiff himself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

### FIFTH AFFIRMATIVE DEFENSE

### (ESTOPPEL)

Any damages which Plaintiffs may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

## SIXTH AFFIRMATIVE DEFENSE

### (STATUTE OF LIMITATIONS)

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

## SEVENTH AFFIRMATIVE DEFENSE

### (LACHES)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of Plaintiff's unreasonable delay.  Therefore, Plaintiff is barred from recovery of any damages under the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (UNCLEAN HANDS)

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (INTERVENING CAUSE)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were not the direct and proximate result of Experian's conduct, but of an independent intervening cause.

## TENTH AFFIRMATIVE DEFENSE

### (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## ELEVENTH AFFIRMATIVE DEFENSE

### (SPECULATIVE DAMAGES)

Plaintiff may not recover on the claims pleaded in the Complaint because the damages sought are too speculative, remote and the Court lacks any sufficiently certain, nonspeculative basis to fashion such relief, either at law or in equity.

## TWELFTH AFFIRMATIVE DEFENSE

### (DECLARATORY AND EQUITABLE RELIEF INAPPROPRIATE)

To the extent Plaintiff seeks declaratory or other equitable relief, it is inappropriate because it would require regulation by the Court on an ongoing basis and is precluded under the FCRA.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (COMPLIANCE WITH FAIR CREDIT REPORTING ACT)

Plaintiff's claims are barred because Experian at all times acted in compliance with the requirements of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et. seq.*

## FOURTEENTH AFFIRMATIVE DEFENSE

### (IMMUNITY)

Experian is immune to some or all of Plaintiff's claims pursuant to 15 U.S.C. § 1681h(e) and other defenses in the Fair Credit Reporting Act.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)    That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)    For costs of suit and attorneys' fees herein incurred; and

(3)    For such other and further relief as the Court may deem just and proper.

Dated:  July 25, 2007                    Respectfully submitted,

By: /s/ L. Jackson Young, Jr.
L. Jackson Young, Jr. (ASB-7946-G65L)
*Attorney for Defendant*
*Experian Information Solutions, Inc.*

OF COUNSEL:
**FERGUSON, FROST & DODSON, LLP**
2500 Acton Road, Suite 200
Birmingham, Alabama 35243
(205) 879-8722  (Telephone)
(205) 879-8831 (Telecopier)


<u>**CERTIFICATE OF SERVICE**</u>

  I hereby certify that a copy of the foregoing document, Defendant Experian Information Solutions, Inc.'s Answer and Affirmative Defenses, was filed with the Clerk of the Court on July 25, 2007, using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

K. Anderson Nelms, Esq.
**LAW OFFICES OF JAY LEWIS, LLC**
Post Office Box 5059
Montgomery, Alabama  36103
<u>andynelms@jaylewislaw.com</u>
*Counsel for Plaintiff*


         /s/ L. Jackson Young, Jr.
         Of Counsel

151215