UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRENT KNUDSON,        )<br>    Plaintiff,        )<br>            )<br>v.            )<br>            )<br>WACHOVIA BANK, a National banking entity,    )<br>TRANS UNION, LLC, a foreign limited liability    )<br>company, EXPERIAN INFORMATION        )<br>SOLUTIONS, INC., a foreign corporation, and    )<br>EQUIFAX INFORMATION SERVICES, LLC, a    )<br>foreign limited liability company,        )<br>            )<br>    Defendants.        ) | Civil Action No. 2:07-cv-00608 |

**PLAINTIFF'S RESPONSE TO DEFENDANT WACHOVIA BANK'S
MOTION TO DISMISS**

**COMES NOW** Plaintiff, by and through his undersigned counsel, and moves this Court to deny Defendant Wachovia Bank, N.A.'s (hereinafter "Wachovia") Motion to Dismiss. In support of his motion, Plaintiff states as follows:

1. Plaintiff's Complaint states a claim upon which relief can be granted therefore Wachovia's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should not be granted.

2. Plaintiff's state law claims arising from Wachovia's inaccurate credit reporting are not preempted by the Fair Credit Reporting Act (hereinafter "FCRA"). To hold otherwise would totally ignore the FCRA's language which limits the types of state law claims preempted to those that relate to the "subject matter regulated under" certain provisions.[1] In addition, it would also

---

[1] National Consumer Law Center, *Fair Credit Reporting*, § 10.4a.3.5, 2005 Supplement [hereafter NCLC].

effectively render furnishers' qualified immunity from tort claims[2] superfluous. If section 1681t(b)(1) preempts all state causes of action against furnishers, there would be no need to offer furnishers qualified immunity from the listed tort actions.[3]

    3. The FCRA's preemption provision applies not to all state law claims, but only to the "requirement or prohibition of any State." That language, when read in conjunction with the FCRA provision limiting furnishers' qualified immunity from tort claims only if there is no malice,[4] strongly suggests that Congress *did not intend to preempt state common law claims* brought for behavior that may also violate the FCRA.[5] *See also Sprietsma v. Mercury Marine*, 537 U.S. 51, 63 (2002) (in construing section 10 of the Federal Boat Safety Act, 46 U.S.C. § 4306, holding that the term "law or regulation" in an express preemption clause referred only to positive state enactments, and not to state common law tort claims). If section 1681t(b) preempts all state causes of action against furnishers, there would be no need to offer furnishers qualified immunity from the listed tort actions. *See TRW Inc. V. Andrews*, 534 U.S. 19, 31 ("[i]t is 'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant'") (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)). Congress ignored its opportunity with FACTA to clarify the relationship of section 1681t(b) with FCRA's qualified immunity provision for furnishers. That omission, in the face of existing preemption decisions, further indicates that it did not intend section 1681t(b) to apply to tort claims. *See Stafford v.*

---

    [2]15 U.S.C. § 1681h(e).

    [3]NCLC, *supra* note 1.

    [4]15 U.S.C. § 1681h(e).

    [5]NCLC, *supra* note 1.

*Cross Country Bank*, 262 F. Supp. 2d 776, 786 (W.D. Ky. 2003) (provisions must be read together).  As a result, many courts have limited the subject matter preemption to statutory claims, and not tort claims.

For example, the district court for the Northern District of Alabama considered the issue in *McCloud v. Homeside Lending* and held that state tort claims are not preempted.  309 F. Supp. 2d 1335, 1341 (N.D. Ala. 2005).  In *McCloud*, the plaintiff alleged various state law claims against the furnisher including negligence, wantonness, defamation, and invasion of privacy.  *Id.* at 1337.  The issue before the court was whether section 1681t(b)(1)(F) preempts the plaintiff's state tort claims for conduct which was regulated by the FCRA.  In holding that the plaintiff's state law tort claims of defamation and invasion of privacy were not preempted by the FCRA, the court relied on the language in section 1681h(e) which states that any action or proceeding "in the nature of defamation, invasion of privacy, or negligence" is preempted, *unless* the "false information [was] furnished with malice *or willful intent to injure* [the] consumer."  15 U.S.C. Section 1681h(e) (emphasis supplied).  Therefore, Plaintiff's state common law claims which are related to the Wachovia's willful violations of the FCRA are not preempted by the same and as such should not be dismissed.

4.  The FCRA does not preempt state tort claims "except to the extent that those laws are inconsistent with any provision of this title, and then only to the extent of the inconsistency."  15 U.S.C. Section 1681t(a).  State law is inconsistent, for preemption purposes, only where the actor would violate the FCRA by complying with the state statute.[6]  A state law which merely gives consumers more protection than the federal act is not inconsistent with the FCRA.  According to

---

[6]NCLC, *supra* note 1 (citing FTC Official Staff Commentary § 622 item 1).

the Eighth Circuit, the FCRA does not preempt a state statutory provision requiring insurance companies doing business in the state to notify applicants and policy holders of the company's intent to obtain their personal information, and to state its purpose in collecting such information. *Davenport v. Farmers Insurance Group*, 378 F.3d 839, 842 (8th Cir. 2004). Similarly, the Ninth Circuit upheld an Arizona statute that required disclosure of the consumer's file to the consumer at no charge, even though the federal statute authorized assessment of a reasonable charge. *Credit Date of Arizona, Inc. V. Arizona*, 602 F.2d 195, 198 (9th Cir. 1979). The state law merely provided additional protection to the consumer, for whose benefit the FCRA was intended, therefore was not inconsistent with the provisions of the FCRA. *Id.* Therefore, Plaintiff's state law claims, which *are not inconsistent* with the provisions of the FCRA, are not preempted.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that this Court deny Wachovia's Motion to Dismiss since Plaintiff has stated a claim against Wachovia upon which relief can be granted.

Dated this __14th___ day of August, 2007.

/s/ Andy Nelms
Keith Andrew Nelms
Attorney for Plaintiff

**OF COUNSEL:**
LAW OFFICES OF JAY LEWIS, LLC
847 So. McDonough Street, Suite 100
Montgomery, AL 36104
Telephone:     (334) 263-7733
Fax:           (334) 832-4390

## CERTIFICATE OF SERVICE

      I hereby certify that on the _14th_ day of August, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Janine L. Smith
    BURR & FORMAN LLP
    3400 Wachovia Tower
    420 North 20th Street
    Birmingham, AL 35203

    /s/ Andy Nelms
    OF COUNSEL