IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **BRENT KNUDSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **WACHOVIA BANK, N.A., TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and EQUIFAX INFORMATION SERVICES, LLC,** | ) CIVIL ACTION NO. 2:07-CV-608-WHA |
| | ) |
| **Defendants.** | ) |

**DEFENDANT WACHOVIA BANK, N.A.'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS**

**COMES NOW** one of the Defendants, Wachovia Bank, N.A. ("Wachovia"), and hereby submits this Reply Brief in Support of Wachovia's Motion to Dismiss (the "Motion") and in Response to Plaintiff Brent Knudson's ("Plaintiff") Opposition to the Motion and states as follows:

I.

LEGAL ANALYSIS

A.   The Plaintiff's Fair Credit Reporting Act Claims Fail As A Matter of Law.

The Plaintiff's first claim for relief against Wachovia alleges certain violations under the Fair Credit Reporting Act ("FCRA"). *See* 15 U.S.C. § 1681 *et seq*. Although the Complaint asserts that the co-defendant credit reporting agencies ("CRA") committed multiple violations of the FCRA, the Plaintiff never states with specificity how Wachovia violated the FCRA. In paragraph 5 of the Complaint, the Plaintiff merely alleges that Wachovia is a "furnisher of information" and cites to Sections 1681s-2(a) and (b). *See* Complaint, ¶ 5. Other than this vague

reference to the Act, the Complaint contains no specific allegations addressing the manner in which Wachovia may have violated the Act.

Based upon the bare bones and conclusory allegations in the Complaint, Wachovia is unsure whether or not the Plaintiff is even making a claim against it under the FCRA. Even if the Plaintiff were to assert claims against Wachovia under the FCRA, any such claims would necessarily fail as a matter of law. Plaintiff has no claim against Wachovia under Section 1681s-2(a) because enforcement is limited under Section 1681s-2(d) to government officials and agencies. Plaintiff also has no claim against Wachovia under Section 1681s-2(b), because this section applies only after a furnisher of information receives notice from a CRA of a consumer's dispute. The Complaint does not include any facts or allegations that any of the three CRAs notified Wachovia of the Plaintiff's dispute concerning the accuracy of information being reported by Wachovia. Accordingly, there is no evidence that the CRA's provided notice to Wachovia that might trigger the duties set forth in subsection (b).

1. **No private right of action under 15 U.S.C. § 1681s-2(a).**

Assuming that the Plaintiff is attempting to plead a FCRA claim against Wachovia by alleging that Wachovia violated Section 1681s-2(a) by providing the co-defendants with incorrect information regarding the Plaintiff's obligations on his loan, the Plaintiff's claims under Section 1681s-2(a) would have to be dismissed because the provisions of the FCRA are very clear that there is no private cause of action under Section 1681s-2(a). *See Riley v. General Motors Acceptance Corp.*, 226 F. Supp. 1316 (S.D. Ala. 2002) (finding § 1681s-2(a) created no private cause of action and finding plaintiff lacked standing to allege claims thereunder since enforcement of such violations were exclusively reserved for an appropriate government agency) and *Abbett v. Bank of America,* 2006 WL 581193, n.5 (M.D. Ala. March 8, 2006) ("Courts have routinely held that Section 1681s-2(a) may be enforced only by the government as provided in

the statute even though it creates an affirmative obligation to refrain from reporting inaccurate information").

In *Abbett v. Bank of America*, this Court held that "allowing any private state law action to proceed against a furnisher of information based on violations of duties established by Section 1681s-2(a) is inconsistent with the FCRA". 2006 WL 581193 (M.D. Ala. March 8, 2006). Accordingly, the Plaintiff's state law claims, to the extent they seek to establish Wachovia's liability for violations of duties established by Section 1681s-2(a) are preempted by the FCRA and should be dismissed.

        2.     **The absence of notice precludes a claim under 15 U.S.C. § 1681s-2(b).**

The Plaintiff may also be claiming that Wachovia violated Section 1681s-2(b) by failing to fulfill its duties thereunder to conduct a reasonable investigation of the information being reported concerning the Plaintiff's account. In order for the Plaintiff to state a claim against Wachovia for violations of Section 1681s-2(b), the Plaintiff must first "'show that the furnisher [of information] received notice from a consumer reporting agency, as opposed to the plaintiff alone, that the credit information is disputed.'" *Burns v. Bank of America*, 2003 WL 22990065 (S.D.N.Y. Dec. 18, 2003) vacated on other grounds *Burns*, 115 Fed. Appx. 105 (2d Cir. 2004); and *Abbett*, 2006 WL 581193, n.5 (M.D. Ala. March 8, 2006) ("To prevail on a Section 1681s-2(b) claim, [Plaintiff] must show that a Credit Reporting Agency ("CRA") notified the furnisher of information about the consumer's dispute pursuant to Section 1681i(a)(2)).

Taking the allegations in the Complaint as true, any claim under Section 1681s-2(b) would nevertheless be subject to an order of dismissal because the allegations in the Complaint are insufficient to state a claim against Wachovia. There are no allegations in the Complaint that Wachovia was notified by any of the co-defendant CRAs, namely Experian, Trans Union, or

Equifax, of the Plaintiff's dispute. Without such an allegation, a Section 1681s-2(b) claim necessarily fails to state a claim under the FCRA, and must be dismissed.

   **B. Each of the Plaintiff's State Law Claims Are Preempted by the Fair Credit Reporting Act.**

  The Plaintiff's state law claims of defamation, invasion of privacy, and possibly negligence, which, allegedly, arise out of Wachovia furnishing inaccurate information to the CRAs, are preempted by Section 1681t of the FCRA and must be dismissed. In the Response, the Plaintiff opposes Wachovia's interpretation of the FCRA's preemption provision and states that the "FCRA does not preempt state tort claims 'except to the extent that those laws are inconsistent with any provision of this title, and then only to the extent of the inconsistency." See Response, ¶ 4. However, this rationale completely contradicts the clear language of the FCRA which expressly states that any state law involving the duties and responsibilities of furnishers of information to the CRA is prohibited. 15 U.S.C. § 1681t(b)(1)(F).

  As part of the 1996 amendments that imposed duties on furnishers of information for the first time, Congress added a "preemption of state law" clause which provides in pertinent part as follows:

> (b) General Exceptions.
>
> No requirement or prohibition may be imposed under the laws of any state –
>
> (1) with respect to any subject matter regulated under . . .
>
> (F) section 623 [15 U.S.C. § 1681s-2], relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . .

15 U.S.C. § 1681t(b)(1)(F); *see also Riley*, 226 F. Supp. 2d at 1320 n.3 (citing Pub. Law. 104-208, § 2419 (1996)). Thus, it is clear from the express language of this subsection that state law claims involving the subject matter of Section 1681s-2 -- the duties and responsibilities of

furnishers of information to consumer reporting agencies -- are preempted by the FCRA. *See Riley*, 226 F. Supp. 2d at 1323 (finding that "the court's conclusion that plaintiff's state law claims [including negligence, defamation and outrage] are preempted is consistent with the most recently reported 1681t(b)(1)F() cases"); *see also Hasvold v. First USA Bank, N.A.,* 194 F. Supp. 2d 1228 (D. Wyo. 2002); *Jaramillo v. Experian Information Systems, Inc.*, 155 F. Supp. 2d 356 (E.D. Pa. 2001).

In 1996, Congress amended the FCRA to impose duties upon persons who furnish information to credit reporting agencies. *See Hasvold*, 194 F. Supp. 2d at 1238 ("FCRA was amended in 1996 to address furnishers of information in the [FCRA]"); *see also* 15 U.S.C. § 1681s-2. Section 1681s-2 specifically delineates the duties and responsibilities of furnishers of information, such as Wachovia, to consumer reporting agencies. Section 1681s-2(a) requires that furnishers of information provide accurate information, and Section 1681s-2(b) imposes duties on furnishers of information after the furnisher receives notice from a consumer reporting agency of a consumer's dispute. Prior to the 1996 amendments, the FCRA did not impose any duties on those furnishing information to credit reporting agencies and the availability of state law actions against furnishers of credit information was governed by 15 U.S.C. § 1681h(e). *See Riley*, 226 F. Supp. 2d at 1319.

Section 1681h(e), a limitation of liability provision, <u>not</u> preemption, is limited by its express terms to a narrow four classes of credit reporting activities, and states as follows:

> Except as provided in Sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to Sections 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken

>  adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). This section, in effect, confers upon furnishers of credit information a qualified immunity from state law claims--claims like negligence and defamation are preempted, but claims for willful or malicious misconduct are not preempted. *See* 15 U.S.C. § 1681h(e).

Considering that the FCRA now includes both Sections 1681h(e) and 1681t, there is some confusion as to the current status of preemption under the FCRA. In fact, courts are recognizing this confusion, noting that Section 1681h(e) has created "cumbersome overlap" with Section 1681t(b)1(F). *See Johnson v. CitiMortgage, Inc.,* 351 F. Supp. 2d 1368, 1373 (N.D. Ga. 2004). The District Courts that have considered the overlap and ostensible contradiction between Sections 1681h(e) and 1681t(b)(1)(F) have divided on the preemption issue into three schools. The first school relying on Section 1681t(b)(1)(F), holds that the FCRA provides total preemption of all state law claims arising out of credit reporting. *See, e.g., Hasvold*, 194 F. Supp. 2d at 1239; *Jaramillo*, 155 F. Supp. 2d at 361-62. In the second school, Courts have applied a "temporal analysis" and have held that total preemption under Section 1681t(b)(1)(F) applies only after a furnisher has received notice from a consumer reporting agency of a consumer's dispute, while qualified preemption under Section 1681h(e) applies up until that time. *See, e.g., Woltersdorf v. Pentagon Fed. Credit Union*, 320 F. Supp. 2d 1222 (S.D. Ala. 2004); *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 784-85 (W.D. Ky. 2003); *Vazquez-Garcia v. TransUnion De Puerto Rico*, 222 F. Supp. 2d 150, 161 (D.P.R. 2002). The third school holds that Section 1681t(b)(1)(F) applies to causes of action created by statute, while Section 1681h(e) applies to those arising under common law. *See Johnson*, 351 F. Supp. 2d at 1475-76; *Neal v. Equifax Credit Info. Svcs.*, 2004 U.S. Dist. LEXIS 26497, at *16-17 (N.D. Ga.

Mar. 11, 2004); *Carlson v. Trans Union, LLC*, 259 F. Supp. 2d 517, 521 (N.D. Tex. 2003); *Gordon v. Greenpoint Credit*, 266 F. Supp. 2d 1007, 1013 (S.D. Iowa 2003).

Even though the preemption analysis is now unnecessary, the Plaintiff's state law claims are all preempted by the three (3) competing theories

**1.  This Court's holding in *Abbett v. Bank of America* supports the dismissal of the Plaintiff's state law claims.**

In *Abbett,* this Court recognized the three (3) competing theories of preemption within the federal judicial system, but noted that the "more involved preemption analysis" was "wholly unnecessary" because the "plain language of the statute…unquestionably intended for no claims to be brought against furnishers of information for making inaccurate reports to CRAs except for those brought by the government." 2006 WL 581193, at * 5 (dismissing plaintiff's state law claims for defamation, invasion of privacy, negligence/wantonness, and conspiracy); *See generally Hasvold,* 194 F. Supp. 2d at 1239 (granting motion to dismiss for failure to state a claim for libel and other state law claims on the grounds that "the FCRA preempts plaintiff's claims against the defendant relating to it as a furnisher of information [to consumer reporting agencies]").

This Court should follow its holding in *Abbett* and find that the FCRA preempts each of the Plaintiff's state law claims.  If this Court chooses to follow its own precedent established in *Abbett*, i.e. "total preemption," Plaintiff's state law claims will obviously be preempted under Section 1681t(b)(1)(F).  In addition to this Court's holding in *Abbett,* two other district court have likewise held that total preemption is the proper analysis applicable to state law claims for violations under the FCRA.

In *Hasvold v. First U.S.A. Bank, N.A.*, a consumer brought claims for libel against her bank in connection with credit card statements she received for an account she claimed she never

opened or authorized to be opened. 194 F. Supp. 2d at 1229. The consumer claimed that despite numerous contacts with the bank about the erroneous account, the bank reported negative credit information to consumer credit reporting agencies and turned the account over to a collection agency. *Id.* at 1230. The bank, a furnisher of credit information under the FCRA, alleged that the consumer's state law claims were preempted by Section 1681t(b)(1)(F). The plaintiff argued that because the information furnished as false and was provided with malice or willful intent to injure, her defamation claim was allowed and was not preempted under Section 1681h(e). *Id.* at 1231.

After careful consideration of all relevant precedent, and recognizing "that there is not complete agreement and unanimity in judicial discussions regarding the nature of the FCRA preemption with few discussions specifically addressing preemption of state law actions against furnishers of information," the Court adopted the rationale advanced by the District Court in *Jaramillo,* 155 F. Supp. 2d at 356 as follows:

> In [Jaramillo], the court considered plaintiff's arguments that Section 1681t should be read in conjunction with Section 1681h(e), which provides only a qualified immunity for credit reporting agencies, users, and furnishers, from suit in defamation, invasion of privacy, or negligence unless false information was furnished with malice of [sic] willful intent to injure such consumer. The plaintiff there argued that because Congress did not amend the language of Section 1681h when FCRA was amended in 1996 to address furnishers of information in the act, her [state law] claims should stand. The Court disagreed, and stated: "**While Congress did not specifically provide in the 1997 [sic] amendments that Section 1681t supersedes Section 1681h, it is clear from the face of Section 1681t(b)(1)(F) that Congress wanted to eliminate all state causes of action 'relating to the responsibilities of persons who furnish information to consumer reporting agencies.'** [footnote omitted] **Any other interpretation would fly in the face of the plain meaning of the statute . . . The plain language of Section 1681(b)(1)(F) clearly eliminated all state causes of action against furnishers of information, not just ones that stem from statutes that specifically relate to credit reporting. To allow causes of action under state statutes that do not specifically refer to credit reporting, but to bar those that do, would defy the Congressional rationale for the elimination of state causes of action.**

194 F. Supp. 2d at 1238-39 (emphasis added).

Applying the holdings in *Abbett*, *Jaramillo* and *Hasvold* to the case at bar, each of the Plaintiff's state law claims are clearly preempted under the FCRA. However, if this Court were to deviate from its "total preemption" holding in *Abbett* and analyze this case under either of the two remaining modes of analysis where Section 1681h(e) may play a role, as shown below, each of the Plaintiff's state law claims would likewise be preempted.

### 2. Section 1681h(e), by its plain language, does not apply to this case.

The unwieldy body of case law analyzing an alleged overlap between Sections 1681t(b)(1)(F) and 1681h(e) is unnecessary and incorrect. Any analysis of Section 1681h(e) in garden-variety credit reporting cases, regardless of intent or malice, is incorrect because, <u>on its face</u>, Section 1681h(e) does not apply. By its plain terms, in order for Section 1681h(e) to even apply to create the "cumbersome overlap," the information disclosed by the furnisher must have been based on one of the following four categories: (1) information disclosed "pursuant to" Section 1681g, (2) information disclosed "pursuant to" Section 1681h, (3) information disclosed "pursuant to" Section 1681m, or (4) information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action based in whole or part on the report. *See* 15 U.S.C. § 1681h(e).

There are no facts advanced in this case to invoke any of the four categories in Section 1681h(e) which would then trigger Section 1681h(e)'s application. The first requirement for application of Section 1681h(e) is that the allegedly defamatory statement be based on information disclosed "pursuant to" the four very specific and narrow circumstances discussed above. Therefore, the overlap and contradiction only comes into play in those four instances -- the great majority of which apply only to consumer reporting agencies and users of credit information, not furnishers! Any overlap or contradiction as to furnishers in this narrow instance

(which would ostensibly only be under Section 1681g(e) involving victims of identity theft) is irrelevant to the case at bar and need not be decided by the Court.

If this Court ignores, for the moment, the clear language of Sectino 1681t(b)(1)(F), and assuming the Plaintiff otherwise adequately pleaded malice, Section 1681h(e) still does not apply.  None of the four categories in Section 1681h(e) applies to this case because GMAC's allegedly "defamatory," and "negligent" credit reporting, which "invaded the Plaintiff's privacy" was not "pursuant to" any of the four categories in Section 1681h(e).  Instead, according to Plaintiffs, the alleged defamation, invasion of privacy and negligence was "pursuant to" obligations created by contract.  The defamation was based on the reporting of the Plaintiff's admitted failure to make his loan payments by the due date established in the note (Complaint, ¶ 15), and Wachovia's alleged failure to "accurately report" the Plaintiff's account information. (Complaint, ¶ 19).

Taking the four categories in Section 1681h(e) one by one, Wachovia's credit reporting was not based on information disclosed pursuant to Section 1681g.  Section 1681g pertains to disclosures made <u>to consumers</u> by consumer reporting agencies and certain furnishers and is clearly not applicable here.  Second, Section 1681h deals with the manner and form of the Section 1681g disclosures to the consumer.  In fact, the presence of the limitation of liability provision of Section 1681h(e) within this subsection, which deals with disclosures to consumers, demonstrates Congress' intent that it apply to the disclosures to consumers described therein, not furnishers' disclosures to the CRA.  Third, Section 1681m governs <u>users</u> of consumer reports. This section comes the closest to this case in that it sets forth the duties of potential creditors who use and take adverse action based on consumer reports.  However, it clearly does not involve the furnishing of information or correction of information previously furnished.  Finally, the fourth

category triggering Section 1681h(e) is information disclosed by a consumer report user, to or for a consumer against whom the user has taken adverse action. Plaintiffs have sued Wachovia as a furnisher, not a report user, and there are no allegations of an "adverse action" under the FCRA, so this category also does not apply.

The only way Section 1681h(e) could possibly apply to this case is if Congress had added a fifth category to its purview -- "torts based on information disclosed pursuant to Section 1681s-2." If that were the case, there would indeed be an overlap and contradiction with Section 1681t(b)(1)(F). However, there is no such provision in Section 1681h(e), and as the Court can clearly see, Section 1681h(e) does not apply to furnishers' credit reporting unless it is pursuant to Sections 1681g, 1681h, 1681m or by a user of a consumer report. The purported defamation, invasion of privacy and negligence in this case arises out of Wachovia's alleged contractual obligation to correct information previously submitted to the CRA. Wachovia's reporting was <u>not</u> pursuant to any of the situations described in Section 1681h(e). Thus, the Court need not apply Section 1681h(e) in deciding whether to dismiss Plaintiff's state law claims arising out of Wachovia's furnishing of information.

C.   **The "Temporal" and Statutory vs. Common Law Analyses Are Not Correct.**

Even if this Court finds that Section 1681h(e) applies to this case and creates a "cumbersome overlap" with Section 1681t(b)(1)(F), the Court should nevertheless reject both the temporal analysis as well as the statutory vs. common law theory.

1.   **The temporal analysis is flawed and should be rejected.**

Other Court, including the Southern District of Alabama, have reconciled Sections 1681t(b)(1)(F) and 1681h(e) as applying only once a furnisher of information has received notice of a dispute from a CRA. Under this approach, Section 1681h(e) applies only up until the time a furnisher of information receives such notice. *Woltersdorf v. Pentagon Federal Credit Union*,

320 F. Supp. 2d at 1222; *Stafford*, 262 F. Supp. 2d at 785; *Vazquez-Garcia*, 222 F. Supp 2d. at 161.

Under this analysis, there are two distinct time frames relevant to preemption: (1) before the furnisher of information is notified of a dispute by the CRA; and (2) after notification. In the first time period, these Courts reason that Section 1681h(e) applies and a plaintiff may bring any claims for defamation or negligence so long as the furnisher had "malice or willful intent to injure." In the second time period, after the furnisher has been notified of a complaint by the CRA, Section 1681t(b)(1)(F) serves as a total bar that the state law claims. While such a reading has the benefit of giving effect to both sections, as the Court held in *Johnson v. City Mortgage, Inc.*, this temporal analysis is strained at best. 351 F. Supp. 2d. 1368, 1375 (N.D. Ga. 2004).

Application of the temporal analysis would make the outcome fortuitously dependent on whether the consumer had disputed the reporting with the agency. In other words, if the consumer disputes the reporting in accordance with the FCRA, he/she would lose the ability to sue for state law defamation, whereas a consumer who ignores the FCRA's procedures and fails to do anything would preserve those claims. Such an anomalous result is not justified under the statute.

The tortured reasoning behind the analysis is also not supported by the statute. The supposed reasoning behind the temporal analysis is that Section 1681t(b)(1)(F) only applies to preempt state laws concerning "the subject matter regulated under Section 1681s-2." So the reasoning apparently goes, a furnisher is not "regulated under Section 1681s-2" until after receiving notice from the consumer reporting agency that the consumer disputes the reporting (and then becomes regulated by Section 1681s-2(b)). *See Riley*, 226 F. Supp. 2d at 1325 (quoting *Vazquez-Garcia*, 222 F. Supp. 2d at 162). However, this reasoning is fundamentally

flawed because all furnishers are under a general and broad duty under Section 1681s-2(a) to accurately report credit information both <u>before</u> and <u>after</u> receiving notice of a dispute, although there is no private cause of action for violations of Section 1681s-2(a). The lack of a cause of action for consumers under Section 1681s-2(a) does not lead to the conclusion that there is a need for a separate preemption provision (i.e., Section 1681h(e)) before notice is delivered to a furnisher. The temporal analysis incorrectly ignores this important point and should be rejected as unsound.

### 2.    The statutory vs. common law analysis should also be rejected.

As shown above, because Section 1681h(e) does not apply here, there is no overlap with Section 1681t(b)(1)(F). Even if this Court decides that Section 1681h(e) somehow applies to this case, the theory that Section 1681t(b)(1)(F) applies only to statutory causes of action while Section 1681h(e) applies only to common law claims should be rejected. First, there is no support in the statute for making such an arbitrary division between statutory claims and claims existing under the common law. There is simply nothing in the FCRA that says that Section 681t(b)(1)(F) only prohibits causes of action that have been codified. Moreover, there is no good reason to read such a limitation into the statute. As discussed above, Section 1681t(b)(1)(F) was added to the FCRA at the same time that Congress added the new regulations on furnishers. The timing of the addition of the broader preemption provision on claims against furnishers indicates Congress' intent to completely preempt all claims. For courts to read in a requirement that the claim be asserted pursuant to a state statute would impermissibly thwart and restrict Congress' clear intent to preempt <u>all</u> claims with a "blanket immunity."

On the other side of the analysis, there is nothing in Section 1681h(e) to indicate that it was meant to block only common law, not statutory, claims. In fact, Section 1681h(e) does not state that it is restricted to claims under state law at all. For example, it actually excepts claims

under FCRA Sections 616 and 617 from its limitations. It could also arguably be applied to bar claims arising under other Federal statutes such as the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.*, *See*, *e.g.*, 12 U.S.C. § 2605(e)(3)(prohibiting credit reporting during 60-day period following furnisher's receipt of qualified written request). By excepting two specific Federal statutory claims under Sections 1681n and 1681o from coverage of Section 1681h(e), Congress certainly could not have intended to then have the remainder of the section apply only to state common law claims. Why would there need to be an exemption to carve out claims brought under a federal statute if the provision was meant to apply only to state common law claims? To hold that Paragraph 1681h(e) applies only to the common law claims while Paragraph 1681t(b)(1)(F) only applies to state statutory claims would impermissibly read language and meaning into otherwise unambiguous statutes.

Accordingly, regardless of which line of reasoning this Court chooses to follow, the Plaintiff's state law claims are preempted under both Sections 1681(b)(1)(F) and 1681h(e).

## II.
## CONCLUSION

For the foregoing reasons, this Court should enter an Order granting Wachovia's Motion to Dismiss.

                                                  Respectfully Submitted,

                                                  /s/ Janine L. Smith
                                                  Janine L. Smith (SMI243)
                                                  Rashad L. Blossom (BLO022)

                                                  Attorneys for one of the Defendants,
                                                  Wachovia Bank, N.A.

**OF COUNSEL**:

**BURR & FORMAN LLP**
3400 Wachovia Tower
420 North 20th Street
Birmingham, AL  35203
Telephone:	(205) 251-3000
Facsimile:	(205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by Notice of Electronic Filing, or, if the party does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 21st day of August, 2007.

K. Anderson Nelms
The Law Offices of Jay Lewis, LLC
P. O. Box 5059
Montgomery, AL  36103-5059
Phone: (334) 263-7733

/s/ Janine L. Smith
OF COUNSEL