## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| BRENT KNUDSON, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:07-cv-00608 |
| v. | ) | |
| | ) | |
| WACHOVIA BANK, a National banking entity, | ) | |
| TRANS UNION, LLC, a foreign limited liability | ) | |
| company, EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., a foreign corporation, and | ) | |
| EQUIFAX INFORMATION SERVICES, LLC, a | ) | |
| foreign limited liability company, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT WACHOVIA BANK'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO WACHOVIA's MOTION TO DISMISS

**COMES NOW** Plaintiff, by and through his undersigned counsel, and hereby submits

this Brief in Support of Plaintiff's Opposition to Wachovia's Motion to Dismiss and states as

follows:

Based on the allegations contained in Plaintiff's Complaint, Defendant Wachovia is not

shielded from liability because of qualified immunity under the Fair Credit Reporting Act

(FCRA). *See* Complaint, ¶¶ 16, 17, 18 and 19. The FCRA states that any action or proceeding

"in the nature of defamation, invasion of privacy, or negligence" is preempted, *unless* the "false

information [was] furnished with malice *or willful intent to injure* [the] consumer." 15 U.S.C. §

1681h(e) (emphasis supplied). In *McCloud v., Homeside Lending*, the district court for the

Northern District of Alabama had the opportunity to interpret this provision of the FCRA and

held that the plaintiff's state law claims for defamation and invasion of privacy were not

preempted by the FCRA.  309 F. Supp. 2d 1335, 1341 (N.D. Ala. 2005).

Plaintiff's Complaint states that Defendants, which includes Defendant Wachovia, "continue to report the account as being currently delinquent and over 30 days past due even though Plaintiff closed the account."  *See* Complaint ¶ 16.  In addition, Plaintiff's Complaint states that Plaintiff "filed multiple disputes regarding [her] account with Wachovia", "Wachovia refused Plaintiff's request to correct Wachovia's error" and "failed its duty to accurately report Plaintiff's account information."  *See* Complaint ¶¶ 17, 18, and 19.  These allegations are sufficient to support a claim under the FCRA based on Defendant Wachovia's malicious, intentional and / or willful violations.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that this Court deny Wachovia's Motion to Dismiss since Plaintiff has stated a valid claim against Wachovia under the FCRA.

Dated this 4th day of September, 2007.

s/ Andy Nelms
Keith Anderson Nelms (NEL022)
Attorney for Plaintiff
ASB–6972-E63K
847 So. McDonough Street, Ste 100
Montgomery, AL 36104
(334) 263-7733 Telephone
(334) 832-4390 Fax
Email: andynelms@jaylewislaw.com

**OF COUNSEL:**
LAW OFFICES OF JAY LEWIS, LLC
847 So. McDonough Street, Suite 100
Montgomery, AL 36104
Telephone:    (334) 263-7733
Fax:          (334) 832-4390

## CERTIFICATE OF SERVICE

_____I hereby certify that on the 4th day of September, 2007, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system which will send notification of such filing

to the following:

> Janine L. Smith
> BURR & FORMAN LLP
> 3400 Wachovia Tower
> 420 North 20th Street
> Birmingham, AL 35203

s/ Andy Nelms
Keith Anderson Nelms
Attorney for Plaintiff
ASB–6972-E63K
847 So. McDonough Street, Ste 100
Montgomery, AL 36104
(334) 263-7733 Telephone
(334) 832-4390 Fax
Email: andynelms@jaylewislaw.com
