IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRENT KNUDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 2:07cv608-WHA |
| vs. ) | |
| ) | (WO) |
| WACHOVIA BANK; N.A TRANS UNION, ) | |
| LLC; EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC.; and EQUIFAX ) | |
| INFORMATION SERVICES, LLC, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

### **I. INTRODUCTION**

This cause is before the court on a Partial Motion to Dismiss (Doc. #10) filed by Trans Union, a Motion to Dismiss (Doc. #14) filed by Defendant Wachovia Bank ("Wachovia"), and a Motion to Strike Knudson's Response to Wachovia's Reply Brief in Support of its Motion to Dismiss (Doc. #26) filed by Wachovia Bank.

The Plaintiff, Brent Knudson ("Knudson"), brings claims against Wachovia and Trans Union and two other credit reporting agencies. The claims against Wachovia are for violation of § 1681s-2(b) of the Fair Credit Reporting Act ("FCRA"), defamation, invasion of privacy, violation of a Consumer Protection Act, and negligence. The claims against Trans Union are for violation of the FCRA.

The court issued an Order to show cause why the pending motions to dismiss ought not be granted. Knudson filed a response to Wachovia's motion, but not to Trans Union's motion. The court then allowed Knudson time in which to file a response to Wachovia's Reply, but

Knudson's response was untimely filed. As will be discussed further, Trans Union's unopposed motion is due to be GRANTED, Wachovia's motion is due to be GRANTED, but Knudson will be given leave to file an Amended Complaint as to his FCRA claim, and the Motion to Strike is due to be DENIED as moot.

## II. STANDARD FOR MOTION TO DISMISS

The court accepts a plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir.1993). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955 (2007). The complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 1965.

## III. FACTS

The allegations of the Plaintiff's Complaint are as follows:

Knudson alleges that his creditworthiness has been compromised. He states that in September 2001 he signed a loan agreement with Wachovia to finance an automobile. He further alleges that he paid the entire amount due and closed the account in July 2005, and that at the time he closed the account, the debt was 47 days past due. According to Knudson, even though he filed multiple disputes regarding the account with Wachovia, the Defendants continued to report his account as being delinquent and over 30 days past due. Knudson states that Wachovia failed its duty to accurately report his account information. Knudson's claims for violation of the FCRA and state law are based on the same set of facts.

## IV. **DISCUSSION**

Trans Union's Partial Motion to Dismiss

The court first addresses Trans Union's partial motion to dismiss in which it contends that Knudson's requested declaratory relief is not available to him as a private plaintiff. Trans Union cites cases including *Jones v. Sonic Automotive, Inc.*, 391 F. Supp. 2d 1064, 1065 (M.D. Ala. 2005)(Fuller, C.J.). Because, as noted above, Knudson has not opposed this motion and apparently concedes that it is due to be granted, the request for declaratory relief as to Trans Union will be DISMISSED.

Wachovia's Motion to Dismiss

Wachovia's motion is directed to all of the claims Knudson brings against it. Wachovia asserts that Knudson's § 1681s-2(b) claim is due to be dismissed because there is no allegation in the Complaint that Wachovia was notified by a consumer reporting agency of a dispute regarding the completeness or accuracy of the account, and that Knudson's state law claims are preempted by the FCRA. The court turns first to the FCRA claim, and then the state law claims.

Section 1681s-2(b) of the FCRA sets out duties owed by a furnisher of information once the furnisher of information has received notice of a dispute with regard to the completeness or accuracy of information provided to a consumer reporting agency. The court agrees with Wachovia that Knudson has not alleged facts to demonstrate that the requisite notice was given. Rather than merely dismiss his federal claim with prejudice at this time, however, the court will

give Knudson an opportunity to adequately plead a claim for violation of § 1681s-2(b), should he choose to do so.[1]

With respect to Knudson's state law claims, Wachovia urges this court to determine that Knudson's tort claims against Wachovia are preempted.

The issue of preemption by the FCRA of state law claims brought against furnishers of information has been addressed by several district courts in and outside of this circuit, but has not been decided by any circuit courts of appeals. *See Beyer v. Firstar Bank, N.A.,* 447 F.3d 1106, 1108 (8th Cir. 2006) (declining to address the preemption issue and noting that "[d]istrict courts have come to different conclusions about the scope and interplay of the FCRA's preemption provisions."). Generally speaking, when district courts are confronted with a claim of defensive preemption of state law under the FCRA, they attempt to reconcile two statutes which govern the availability of state law theories of relief against furnishers of information.

The first statute generally examined by courts is 15 U.S.C. § 1681h(e), which provides as follows:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the

---

[1] Should he choose to file an Amended Complaint, Knudson should keep in mind both that he must make his allegations within the strictures of Rule 11 of the *Federal Rules of Civil Procedure,* and that under *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955 (2007), a "plaintiff's obligation to provide the 'grounds' of his 'entitle [ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65.

> user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e).

> The second statute is found at § 1681t, and provides in relevant part as follows:
>
> (a) In general
> Except as provided in subsections (b) and (c) of this section, this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, or for the prevention or mitigation of identity theft, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency.
> (b) General exceptions
> No requirement or prohibition may be imposed under the laws of any State--
> (1) with respect to any subject matter regulated under–
> * * *
> (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply--
> (I) with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws (as in effect on September 30, 1996); or (ii) with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996);

Many district courts which have examined these two statutes have attempted to resolve a perceived conflict between them by following one of three lines of reasoning: the view that § 1681t(b)(1)(F) completely subsumes § 1681h, *see e.g.*, *Hasvold v. First USA Bank*, 194 F. Supp. 2d 1228, 1239 (D. Wyo. 2002); the view that § 1681(b)(1)(F) only preempts claims arising after the furnisher of information has been provided notice, *see e.g.*, *Riley v. General Motors Acceptance Corp.*, 226 F. Supp. 2d 1316, 1324 (S.D. Ala. 2002); and the view that § 1681h applies to common law tort claims and § 1681t(b)(1)(F) to state statutory claims, *see*, *e.g.*, *McCloud v. Homeside Lending*, 309 F. Supp. 2d 1335 (N.D. Ala. 2004). Another judge of this court, however, has determined that those three approaches need not be followed to resolve the

issue of preemption and that the plain language of § 1681t(b)(1)(F) controls. *Abbett v. Bank of America*, No. 3:04cv1102-WKW, 2006 WL 581193 (M.D. Ala. March 8, 2006) (Watkins, J.).

In construing a statute, the court must first look to the plain language of the statute. *See Albernaz v. United States*, 450 U.S. 333, 336 (1981). Knudson argues that the language of § 1681h(e) and § 1681t(b)(1)(F) conflict, and that this court should resolve that conflict and determine that his tort claims are not preempted because he alleges malice and willful intent, consistent with the exception in § 1681h(e).

The court finds there is no ambiguity in § 1681t(b)(1)(F) on its face. It does not allow for state law prohibitions or requirements which relate to the responsibilities of furnishers of information to consumer reporting agencies. It appears to this court that § 1681h(e) should only be looked to to determine whether it conflicts with the plain language of § 1681t(b)(1)(F) if § 1681h(e) is otherwise applicable in the case. That is, this court should not undertake to resolve a theoretical conflict between statutes unless the statute which allegedly causes the conflict with the other, unambiguous, statute applies in the case.

Wachovia has argued that § 1681h(e) has no applicability in this case because Knudson's claims do not fall within the categories of actions identified in § 1681h(e).[2] As set out above, § 1681h(e) limits, with exceptions, the scope of the immunity it provides to particular kinds of claims "based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against

---

[2] Knudson was given a chance to respond to Wachovia's argument on this point. Knudson's response is the subject of the pending Motion to Strike because it was filed outside of the time allowed by the court's Order. Knudson's response, however, does not address the argument that 1681h(e) applies only to particular types of information disclosures, so the court has not considered the response and the Motion to Strike will be DENIED as moot.

whom the user has taken adverse action, based in whole or in part on the report . . . ." Sections 1681g and 1681h of the FCRA set out requirements of consumer reporting agencies in their disclosures to consumers. Section 1681m, as well as the remaining language of 1681h(e), apply to users of information which take adverse action against the consumer. Knudson has not alleged that Wachovia is a consumer reporting agency or that it took adverse action against him. Accordingly, § 1681h(e) is not applicable to the facts of this case and the liability limitation, and exceptions thereto, likewise are not applicable.[3] Because those provisions do not apply, the court finds no conflict to be resolved with the plain language of § 1681t(b)(1)(F). The court, therefore, turns to the application of the plain language of the preemption provision in § 1681t(b)(1)(F) in this case.[4]

Knudson argues that § 1681t does not preempt his state tort claims because that section only preempts state laws which are inconsistent with the FCRA, and that a state law which merely gives consumers more protection than the FCRA is not inconsistent with the FCRA. Knudson, however, cites only to § 1681t(a) and a decision applying that provision, *Davenport v. Farmers Ins. Group*, 378 F.3d 839, 842 (8th Cir. 2004), and does not cite any cases which analyze preemption under § 1681t(b)(1)(F).

---

[3] The court notes that another district court within this circuit has used similar analysis but reached a different conclusion. In *Pickney v. SLM Financial Corp.*, 433 F. Supp. 2d 1316 (N.D.Ga. 2005), the court reasoned that because the tort claims at issue did not arise from disclosures made pursuant to the statutes enumerated in § 1681h(e), or by a user of a consumer report to or for a consumer against whom the user had taken adverse action, "the malice and willful intent requirement is not applicable and § 1681h(e) does not preempt Plaintiff's state law tort claims." *Id*. at 1322. This court does not agree with this interpretation of the FCRA for the reasons discussed above.

[4] The court expresses no opinion as to the interaction of § 1681t(b)(1)(F) and § 1681h(e) in cases in which § 1681h(e) applies.

As stated above, § 1681t(b)(1)(F) provides that no requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under section 1681s-2, with two exceptions not applicable in the instant case. Section 1681s-2(a) sets out the duty of furnishers of information to provide accurate information, and § 1681s-2(b) sets out the duties of furnishers of information upon notice of a dispute.

Knudson has alleged that Wachovia has failed a duty to accurately report his account information, and refused to correct its reporting error, as the bases of his FCRA and state law claims. The violations of state law which he has alleged concern conduct which is regulated by §1681s-2. Under the plain language of § 1681t(b)(1)(F), therefore, Knudson's state law claims are preempted. *See, e.g., Drew v. Equifax Information Services*, No. C 07-00726, 2007 WL 2028745, *5 (N.D. Cal. July 11, 2007) (state law claims based on facts which are also alleged to be a violation of 1681s-2(b) are preempted); *Lofton-Taylor v. Verizon Wireless*, No. 05-0532-CG-B, 2006 WL 3333759, *8 (S.D. Ala. November 14, 2006) (state law claims based on facts which are also alleged to be a violation of 1681s-2(a) are preempted).

In addition, there is preemption under the provision cited by Knudson, namely, §1681t(a). Although Knudson has alleged a violation of § 1681s-2(b) in his Complaint, his factual allegations are actually of a failure to report accurate information and to correct reported information, which are duties regulated by § 1681s-2(a). There is no private right of action for violations of § 1681s-2(a). *Yelder v. Credit Bureau of Montgomery*, 131 F. Supp. 2d 1275, 1283 (M.D. Ala. 2001)(Albritton, J.). Allowing a private right of action under state law for conduct regulated by § 1681s-2(a) is, therefore, inconsistent with the FCRA, and preempted under § 1681t(a). *See Abbett*, 2006 WL 581193 at *5.

Because they are preempted by the FCRA, Knudson's state law claims against Wachovia are due to be DISMISSED.

## V. **CONCLUSION**

For the reasons discussed above it is hereby ORDERED as follows:

1. Trans Union LLC's Partial Motion to Dismiss (Doc. #10) is GRANTED and the request for declaratory relief against Trans Union LLC under the FCRA is DISMISSED.

2. Wachovia Bank's Motion to Dismiss (Doc. #13) is GRANTED to the following extent:

a. The Plaintiff's claim for violation of 15 U.S.C. § 1681s-2(b) against Wachovia is DISMISSED without prejudice. Knudson is given until **October 17, 2007,** to file a new Amended Complaint, which must be complete unto itself, should he choose to do so, and if he can allege in good faith facts to support an allegation that the requisite notice was provided to Wachovia Bank. In the absence of such an Amended Complaint being filed, the claim will be dismissed with prejudice at that time.

b. The Plaintiff's state law claims as against Wachovia Bank are DISMISSED with prejudice.

3. Wachovia Bank's Motion to Strike (Doc. #26) is DENIED as moot.

Done this 4th day of October.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).