**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **BRENT KNUDSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **CIVIL ACTION NO. 2:07-CV-608-WHA** |
| **WACHOVIA BANK, NATIONAL** | ) |
| **ASSOCIATION, et al.** | ) |
| | ) |
| **Defendant.** | ) |

**WACHOVIA BANK, NATIONAL ASSOCIATION'S RESPONSE
IN OPPOSITION TO PLAINTIFF'S MOTION TO REINSTATE WACHOVIA
AS A PARTY DEFENDANT**

**COMES NOW** one of the Defendants, Wachovia Bank, National Association ("Wachovia"), and hereby submits its Response in Opposition to Plaintiff, Brent Knudson's ("Plaintiff"), Motion to Reinstate Wachovia as a Party Defendant (the "Motion"). In support of its Opposition, Wachovia relies upon the pleadings of record in this matter and states as follows:

## I.    BACKGROUND

1.    On July 23, 2007, Wachovia filed a Motion to Dismiss and Brief in Support of its Motion to Dismiss in response to the Plaintiff's Complaint filed against Wachovia in this matter.

2.    On October 4, 2007, this Court entered a Memorandum Opinion and Order (the "Opinion") on Wachovia's Motion to Dismiss. In the Opinion, the Court found that the Plaintiff's claims against Wachovia were due to be dismissed to the following extent:

> a.    The Plaintiff's claim for violation of 15 U.S.C. § 1681s-2(b) against Wachovia is DISMISSED without prejudice. Knudson is given until **October 17, 2007**, to file a new Amended Complaint, which must be complete unto itself, should he choose to do so, and if he can allege in good faith facts to support an allegation that the requisite notice was provided to Wachovia Bank. In the absence of such an Amended Complaint being filed, the claim will be dismissed with prejudice at that time.

> b. The Plaintiff's state law claims as against Wachovia Bank are DISMISSED with prejudice.

*See Memorandum Opinion and Order* entered by this Court on October 4, 2007.

3. After entry of the Opinion, on or about October 16, 2007, Plaintiff filed a Notice of Dismissal as to Wachovia.

4. In response to the Notice of Dismissal, on November 28, 2007, this Court entered an Order which provides that "the [n]otices of [d]ismissal apply only to claims which either remained pending against Trans Union and Wachovia Bank after, or which were dismissed without prejudice by, this Court's Memorandum Opinion and Order on the Motion to Dismiss."

5. Pursuant to the Opinion, Plaintiff's Notice of Dismissal as to Wachovia applied to Plaintiff's claim against Wachovia for violations of 15 U.S.C. § 1681s-2(b) only.

## II.    ARGUMENT

6. In the Motion, Plaintiff seeks to reinstate Wachovia as a defendant in this matter. In support of the Motion, Plaintiff states that he "has conducted additional discovery of the other defendants" and "can allege in good faith that Wachovia has been notified by at least one of the other Defendants in this case concerning the completeness or accuracy his credit report." *See* Motion to Reinstate, ¶3. However, Plaintiff's statements amount to nothing more than "bare bones" allegations and are completely devoid of any specific facts, references or evidentiary documents in support thereof.

7. Despite this Court's charge to the Plaintiff in the Opinion, the Plaintiff has failed and refused to "allege in good faith facts to support an allegation that the requisite notice was provided to Wachovia Bank." Since the time the Court entered the Order granting the Notice of Dismissal, the Plaintiff has not filed an Amended Complaint or an Evidentiary Submission in

furtherance of his claims against Wachovia. Thus, Wachovia and this Court must rely on the allegations as set forth in the Complaint in an effort to ascertain the validity of the claims being made by Plaintiff against Wachovia.

8.    Plaintiff's Fair Credit Reporting Act claim ("FCRA") against Wachovia fails as a matter of law and should not be reinstated against Wachovia. Neither the Complaint, nor the Motion to Reinstate include any specific facts or evidence concerning the name of the CRA that contacted Wachovia, the substance of that communication or the alleged date of the communication. Although the Complaint asserts that the co-defendant credit reporting agencies ("CRA") committed multiple violations of the FCRA, Plaintiff never specifically states the ways in which Wachovia violated the FCRA. In paragraph 5 of the Complaint, Plaintiff merely alleges that Wachovia is a "furnisher of information" and cites to section 1681s-2(a) and (b). *See* Complaint ¶5. However, as a furnisher of information, Wachovia's liability under section 1681s-2(b) arises only upon a showing that a furnisher of information received notice from a CRA of a customer's dispute.

9.    In several cases, various courts have dismissed complaints for failure to state a claim where the plaintiff did not plead facts sufficient to show that the furnisher's duty was triggered by proper notice under section 1681s-2(b) of the FCRA. For example, in *Peasley v. Verizon Wireless (VAW) LLC*, upon the defendant's motion to dismiss for failure to state a claim, the court dismissed the plaintiff's FCRA complaint because the plaintiff did not allege that the furnisher of information was ever notified by a credit reporting agency of the plaintiff's dispute. 364 F. Supp. 2d 1198, 1200 (S.D. Cal. 2005). *See also Elmore v. North Fork Bancorporation, Inc.*, 325 F. Supp. 2d 336, 340-41 (S.D.N.Y. 2004) (granting defendant's motion to dismiss for failure to state a claim where complaint failed to allege that bank violated its FCRA duties after

receiving notice of the existence of a dispute from a **credit reporting agency**) (emphasis added); *Burns v. Bank of America*, 2003 WL 22990065 (S.D. N.Y. Dec. 18, 2003), *rev'd on other grounds*, (dismissing plaintiffs' complaint where plaintiffs did not allege defendants ever received notice from a consumer reporting agency that imposed a duty to investigate); *Yelder v. Credit Bureau Of Montgomery, L.L.C.*, 131 F. Supp. 2d 1275, 1289 (M.D. Ala. 2001) (Albritton, J.) (finding that plaintiff failed to establish a claim under section 1681s-2(b) where plaintiff failed to allege in her complaint that any consumer reporting agency provided furnisher with notice of her dispute); *Carney*, 57 F. Supp. 2d 496 (noting that complaint fails to state a claim under section 1681s-2(b) absent any allegation that a consumer reporting agency notified the defendant of a dispute).

10. Without more, these allegations fail as a matter of law to state a claim against Wachovia upon which relief may be granted.

### III.  CONCLUSION

11. For the foregoing reasons, this Court should deny Plaintiff's Motion to Reinstate Wachovia as a Party Defendant in this matter.

**WHEREFORE, PREMISES CONSIDERED** Wachovia respectfully requests this Court enter an Order denying Plaintiff's Motion to Reinstate Wachovia as a Party Defendant in this matter and for such other and further relief to which Wachovia may be entitled.

/s/ Janine L. Smith
Janine L. Smith (SMI243)
Amanda M. Beckett (BEC029)

Attorneys for one of the Defendants,
Wachovia Bank, National Association

**OF COUNSEL**:

**BURR & FORMAN LLP**
3400 Wachovia Tower
420 North 20th Street
Birmingham, AL 35203
Telephone:     (205) 251-3000
Facsimile:     (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by Notice of Electronic Filing, or, if the party does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 4th day of April 2008.

K. Anderson Nelms
Attorney for Plaintiff
Anderson Nelms & Associates, LLC
P. O. Box 5059
Montgomery, AL  36103

Kirkland E. Reid
Attorney for Equifax Information Services, LLC
Miller, Hamilton, Snider &Odom, LLC
254 State Street
Mobile, AL 36603

L. Jackson Young, Jr.
Attorney for Experian
Ferguson, Frost & Dodson, LLP
2500 Action Road, Suite 200
Birmingham, AL 35243

Kary Bryant Wolf
Attorney for Trans Union, LLC
Watson Wells & Birchall, LLP
P. O. Box 83062
Birmingham, AL 35283-0642

/s/ Janine L. Smith
OF COUNSEL