**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **BRENT KNUDSON,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**WACHOVIA BANK, NATIONAL** )<br>**ASSOCIATION, et al.** )<br>)<br>**Defendants.** ) | **CIVIL ACTION NO. 2:07-CV-608-WHA** |

**WACHOVIA BANK, NATIONAL ASSOCIATION'S ANSWER TO THE FIRST
AMENDED COMPLAINT**

**COMES NOW** Wachovia Bank, National Association. ("Wachovia"), by and through its

undersigned counsel, and for its Answer to the First Amended Complaint filed by Plaintiff, Brent

Knudson ("Plaintiff"), states as follows:

**FIRST DEFENSE**

For its first defense, Wachovia responds to the specifically enumerated paragraphs in the

First Amended Complaint as follows:

**JURISDICTION AND VENUE**

1.     Wachovia admits that jurisdiction is proper in this Court.  Wachovia denies the

remaining averments in paragraph 1 and demands strict proof thereof.

**PRELIMINARY STATEMENT**

2.     Wachovia admits that Plaintiff purports to bring this action against Wachovia

pursuant to the provisions of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*.

Wachovia denies the remaining averments of paragraph 2 and demands strict proof thereof.

**PARTIES**

3.     Admitted upon information and belief.

4.      Wachovia admits that it is a national banking association organized under the laws of the United.  Wachovia also admits that it does business in the State of Alabama

5.      Admitted.

6.      Wachovia is without sufficient knowledge or information to admit or deny the averments in paragraph 6, and therefore, Wachovia denies the averments in paragraph 6 and demands strict proof thereof.

7.      Wachovia is without sufficient knowledge or information to admit or deny the averments in paragraph 7, and therefore, Wachovia denies the averments in paragraph 7 and demands strict proof thereof.

8.      Wachovia is without sufficient knowledge or information to admit or deny the averments in paragraph 8, and therefore, Wachovia denies the averments in paragraph 8 and demands strict proof thereof.

9.      Wachovia is without sufficient knowledge or information to admit or deny the averments in paragraph 9, and therefore, Wachovia denies the averments in paragraph 9 and demands strict proof thereof.

10.      Wachovia is without sufficient knowledge or information to admit or deny the averments in paragraph 10, and therefore, Wachovia denies the averments in paragraph 10 and demands strict proof thereof.

11.      Wachovia is without sufficient knowledge or information to admit or deny the averments in paragraph 11, and therefore, Wachovia denies the averments in paragraph 11 and demands strict proof thereof.

**FACTUAL ALLEGATIONS**

12.      Wachovia adopts and incorporates by reference its responses to the aforementioned paragraphs, as if fully set forth herein.

13.     As this paragraph relates to the acts and omissions of Wachovia, Wachovia denies the averments contained in paragraph 13 and demands strict proof thereof.

14.     Admitted.

15.     Admitted.

16.     Admitted.

17.     Denied.

18.     Admitted upon information and belief.

19.     Denied.

20.     Denied.

21.     Wachovia is without sufficient knowledge or information to admit or deny the averments in paragraph 21, and, therefore, Wachovia denies the averments in paragraph 21 and demands strict proof thereof.

22.     Admitted upon information and belief.

23.     Denied.

24.     Wachovia is without sufficient knowledge or information to admit or deny the averments in paragraph 24, and, therefore, Wachovia denies the averments in paragraph 24 and demands strict proof thereof.

25.     Wachovia is without sufficient knowledge or information to admit or deny the averments in paragraph 25, and, therefore, Wachovia denies the averments in paragraph 25 and demands strict proof thereof.

26.     Wachovia is without sufficient knowledge or information to admit or deny the averments in paragraph 26, and, therefore, Wachovia denies the averments in paragraph 26 and demands strict proof thereof.

## STATEMENT OF CLAIMS AGAINST WACHOVIA

27.     Wachovia adopts and incorporates by reference its responses to the aforementioned paragraphs, as if fully set forth herein.

28.     a)     Denied.

        b)     Denied.

        c)     Denied.

        d)     Denied.

        e)     Denied.

        f)     Denied.

## STATEMENT OF CLAIMS AGAINST TRANS UNION

29.     Wachovia adopts and incorporates by reference its responses to the aforementioned paragraphs, as if fully set forth here.

30.     Wachovia is without sufficient knowledge or information to admit or deny the averments in paragraph 30, including subparts (a) through (e), and, therefore, Wachovia denies the averments in paragraph 30 and demands strict proof thereof.

## STATEMENT OF CLAIMS AGAINST EXPERIAN

31.     Wachovia adopts and incorporates by reference its responses to the aforementioned paragraphs, as if fully set forth here.

32.     Wachovia is without sufficient knowledge or information to admit or deny the averments in paragraph 32, including subparts (a) through (e), and, therefore, Wachovia denies the averments in paragraph 30 and demands strict proof thereof.

## STATEMENT OF CLAIMS AGAINST EQUIFAX

33.     Wachovia adopts and incorporates by reference its responses to the aforementioned paragraphs, as if fully set forth here.

34.    Wachovia is without sufficient knowledge or information to admit or deny the averments in paragraph 34 including subparts (a) through (e), and, therefore, Wachovia denies the averments in paragraph 34 and demands strict proof thereof.

**PRAYER FOR RELIEF**

In response to the prayer for relief following paragraph 34 of the Complaint, Wachovia states as follows:

a)    Denied;

b)    Denied;

c)    Denied;

d)    Denied; and

e)    Denied.

**AFFIRMATIVE DEFENSES**

**SECOND DEFENSE**

The Plaintiff's First Amended Complaint and each and every allegation contained therein, fails to state a claim against Wachovia upon which relief can be granted.

**THIRD DEFENSE**

Wachovia denies the material allegations of the First Amended Complaint and demands strict proof thereof.

**FOURTH DEFENSE**

Wachovia asserts the affirmative defense of assumption of risk.

**FIFTH DEFENSE**

Wachovia asserts the affirmative defense of estoppel.

**SIXTH DEFENSE**

Wachovia has not tortuously injured the Plaintiff.

## SEVENTH DEFENSE

Wachovia did not breach any duty or obligation allegedly owed to the Plaintiff.

## EIGHTH DEFENSE

Plaintiff's claims against Wachovia, in whole or in part, are barred by virtue of the doctrines of justification and unclean hands.

## NINTH DEFENSE

Wachovia asserts the affirmative defenses of parol evidence, failure to mitigate, contributory negligence, and intervening cause.

## TENTH DEFENSE

Wachovia is not responsible for any claims or damages asserted by the Plaintiff.

## ELEVENTH DEFENSE

Plaintiff's claims, in whole or in part, are barred by virtue of the doctrines of ratification, consent, and acquiescence.

## TWELFTH DEFENSE

All, or some, of the Plaintiff's claims are barred by the statute of frauds.

## THIRTEENTH DEFENSE

Wachovia asserts the affirmative defense of failure of consideration.

## FOURTEENTH DEFENSE

The Plaintiff and/or others are responsible for any alleged injuries or damages sustained or claimed by Wachovia.

## FIFTEENTH DEFENSE

The Plaintiff's claims are barred by fraud and/or mistake on the part of the Plaintiff.

### SIXTEENTH DEFENSE

Wachovia pleads the general issue.

### SEVENTEENTH DEFENSE

Any damages awarded to the Plaintiff should be dismissed by the amount of his respective contributory and/or comparative negligence.

### EIGHTEENTH DEFENSE

To the extent Plaintiff has suffered any damages, the damages were caused, in whole or in part, by the act or omissions of third-parties for whom Wachovia should not be responsible.

### NINETEENTH DEFENSE

All obligations sought to be enforced by Plaintiff, if any such obligations exist, have been extinguished or have been satisfied.

### TWENTIETH DEFENSE

Wachovia has, at all times, acted in compliance with all applicable laws, regulations, and statutes.

### TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the failure to join indispensable parties.

### TWENTY-SECOND DEFENSE

Wachovia has acted, at all times, in good faith, with due care, and without malice or intent to injure Plaintiff.

### TWENTY-THIRD DEFENSE

Wachovia made no material representations to Plaintiff, and no alleged representations were false.

## TWENTY-FOURTH DEFENSE

Plaintiff did not reasonably rely on any alleged representations by Wachovia.

## TWENTY-FIFTH DEFENSE

Wachovia has no duty to disclose any information to Plaintiff.

## TWENTY-SIXTH DEFENSE

The injuries and damages alleged in the First Amended Complaint are speculative.

## TWENTY-SEVENTH DEFENSE

To the extent that any allegations in the Plaintiff's First Amended Complaint have not been expressly admitted or denied, they are hereby denied, and strict proof of each such allegation is hereby demanded.

## TWENTY-EIGHTH DEFENSE

Wachovia avers that an award of punitive damages in this case would serve no purpose for which punitive damages are awarded in Alabama.

## TWENTY-NINTH DEFENSE

Plaintiff's claim for punitive damages is barred by ALA. CODE § 6-11-20.

## THIRTIETH DEFENSE

Plaintiff is not entitled to recover punitive damages pursuant to ALA. CODE § 6-11-20.

## THIRTY-FIRST DEFENSE

Plaintiff's' claim of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the Constitution and/or the common law or the public policies of the United States on the following grounds:

(a)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant, upon Plaintiff satisfying a burden of proof which is less than the beyond-a-reasonable-doubt standard required in criminal cases.

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant, which violates Respondents' rights to due process guaranteed by the United States Constitution.

(c)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

(d)     The procedures pursuant to which punitive damages are awarded result in the imposition of different or disparate penalties for the same or similar acts, and thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Respondents' due process rights.

(e)     Plaintiff's claim for punitive damages against Wachovia cannot be sustained because an award of punitive damages under Alabama law is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate Respondents' due process and equal

protection rights guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and in violation of Respondents' due process rights.

(g)     Plaintiff's' claim for punitive damages against Wachovia cannot be sustained because any award of punitive damages under Alabama law would violate Wachovia's due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of moral discretion without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

(h)     Plaintiff's claim of punitive damages and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages are unconstitutionally vague, indefinite and uncertain, and they deprive Wachovia of due process of law.

(i)     Plaintiff's claim of punitive damages and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages cause Wachovia to be treated differently from other similarly situated persons/entities by subjecting Respondents to liability beyond the actual loss, if any, caused by Wachovia's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

(j)     Plaintiff's claim of punitive damages and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages

subject Wachovia to punishment for the conduct of others through vicarious liability, *respondeat* superior, or through non-apportionment of damages among joint tortfeasors based on the respective enormity of their alleged misconduct, in violation of Wachovia's due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

(k)     Plaintiff's claim for punitive damages and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages expose Wachovia to the risk of indefinable, unlimited liability unrelated to the actual loss caused by Wachovia's conduct, creating a chilling effect on Wachovia's exercise of its right to a judicial resolution of this dispute.

(l)     Plaintiff is not entitled to recover punitive damages because it violates the self-incrimination clause of the Fifth Amendment to the United States Constitution to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

(m)     An award of punitive damages in this case would constitute a deprivation of property without due process of law.

(n)     The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

(o)     The procedures pursuant to which punitive damages are awarded subject Defendant to punishment under a law not fully established before the alleged offense.

## THIRTY-THIRD DEFENSE

Plaintiff's claim of punitive damages and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages violate

the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

    (a)    It is a violation of Article I, §§ 1 and 6 of the Alabama Constitution to impose punitive damages, which are penal in nature, upon a civil defendant, upon Plaintiff satisfying a burden of proof less than the beyond-a-reasonable-doubt standard required in criminal cases.

    (b)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant in violation of Wachovia's due process rights guaranteed by the Alabama Constitution.

    (c)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, indefinite and uncertain, and they deprive Wachovia of due process of law in violation of the Alabama Constitution.

    (d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages and deprive Wachovia of due process of law in violation of the Alabama Constitution.

    (e)    An award of punitive damages in this case would constitute a deprivation of property without due process of law.

    (f)    The procedures pursuant to which punitive damages are awarded cause Wachovia to be treated differently from other similarly situated persons/entities by subjecting Wachovia to liability beyond the actual loss, if any, caused by Wachovia's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

(g)     The procedures pursuant to which punitive damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which denies Wachovia its rights of equal protection and due process.

(h)     The procedures pursuant to which punitive damages may be awarded allow excessive fines to be imposed in violation of Article I, § 15 and Article I, § 1 of the Alabama Constitution and in violation of Wachovia's due process rights.

(i)     The procedures pursuant to which punitive damages are awarded subject Wachovia to punishment under a law not fully established before the alleged offense, in violation of Article I, § 7 of the Alabama Constitution.

(j)     It is a violation of the Alabama Constitution to impose punitive damages against Respondents, which are penal in nature, yet compel Wachovia to disclose potentially incriminating documents and evidence.

(k)     The procedures pursuant to which punitive damages are awarded subject Wachovia to punishment for the conduct of others through vicarious liability, *respondeat* superior, or through non-apportionment of damages among joint tortfeasors based on the respective enormity of their alleged misconduct, in violation of Wachovia's due process rights and Article I, §§ 1, 6, 13 and 22 of the Alabama Constitution.

(l)     The procedures pursuant to which punitive damages are awarded expose Wachovia to the risk of indefinable, unlimited liability unrelated to the actual loss caused by Wachovia's conduct, creating a chilling effect on Respondents' exercise of their right to a judicial resolution of this dispute.

(m)     The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

(n)    Plaintiff's claim for punitive damages against Wachovia cannot be sustained because an award of punitive damages under Alabama law is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate Wachovia's due process and equal protection rights guaranteed by the Alabama Constitution.  Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

(o)    Plaintiff's claim for punitive damages against Wachovia cannot be sustained because any award of punitive damages under Alabama law would violate Respondents' due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of moral discretion without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

## THIRTY-THIRD DEFENSE

An award of punitive damages will violate Wachovia's rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and Wachovia's rights under Article I, §§ 6 and 13 of the Constitution of Alabama of 1901 because under Alabama law:

(a)    the standard for an award of punitive damages is so vague, indefinite and uncertain that it does not give Wachovia adequate notice of the kind of conduct for which they may be liable for punitive damages or the extent of their possible liability;

(b)    the judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages;

(c)    the judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence;

(d)    the judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including, without limitation, the principal place of business, wealth, and corporate status of Respondents;

(e)    Wachovia may be subjected to punishment based upon the same course of conduct in more than one action;

(f)    the judge or jury is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and

(g)    an award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity, and uniformity.

### THIRTY-FOURTH DEFENSE

Plaintiff's claim for punitive damages is barred because an award of punitive damages under Alabama law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, § 9 of the United States Constitution.

### THIRTY-FIFTH DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that it seeks the admission into evidence of Wachovia's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in a defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 6, 13, and 22 of the Alabama Constitution.

### THIRTY-SIXTH DEFENSE

Punitive damages are a form of criminal or quasi-criminal sanctions.   Therefore, Plaintiff's claim for punitive damages cannot be upheld because an award of punitive damages without the same protections that are accorded criminal Wachovia, including, but not limited to, protection against searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, to proof by evidence beyond a reasonable doubt, and to a speedy trial would violate Wachovia's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 1, 5, 6, 7, 9, 11, 13 and 22 of the Alabama Constitution.   These rights will be violated unless Wachovia is afforded the safeguards guaranteed by these provisions, including, but not limited to, the right to separate trials if

requested by them for the determination of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

### THIRTY-SEVENTH DEFENSE

Plaintiff's claim for punitive damages against Wachovia cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages.

### THIRTY-EIGHTH DEFENSE

Plaintiff's claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling on the case of *BMW v. Gore,* 116 S.Ct. 1589 (1996) and *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003).

### THIRTY-NINTH DEFENSE

Plaintiff's claim for punitive damages cannot be upheld based on all grounds that the United States Supreme Court, in *BMW v. Gore,* 116 S.Ct. 1589 (1996) and *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003), determined that the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages violate Wachovia's rights provided by the United States Constitution.

### FORTIETH DEFENSE

Plaintiff's claim for punitive damages cannot be upheld under *BMW v. Gore,* 116 S.Ct. 1589 (1996) and *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003) to the extent it seeks to punish, influence or change Respondents' policies or practices nationwide rather than Wachovia's policies or practices which occurred in this state.

**FORTY-FIRST DEFENSE**

Plaintiff's claim for punitive damages cannot be upheld under *BMW v. Gore,* 116 S.Ct. 1589 (1996) and *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003) to the extent it considers profits, if any, earned by Wachovia other than profits earned in this state which relate to the alleged wrongful conduct at issue.

Plaintiff's claim for punitive damages cannot be upheld under *BMW v. Gore,* 116 S.Ct. 1589 (1996) and *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003) to the extent it is not based on the least drastic remedy or lowest amount of punitive damages that could be expected to ensure that Wachovia will more fully comply with this state's laws in the future.

**FORTY-THIRD DEFENSE**

Any claim for punitive damages against Wachovia cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against multiple awards of punitive damages for the same course of conduct, will violate Wachovia's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, §§ 1, 6, 13, and 22 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama.

**FORTY-FOURTH DEFENSE**

Plaintiff is not entitled to recover punitive damages in excess of $500,000.00 pursuant to ALA. CODE § 6-11-21 (1975). *See Horton Homes, Inc. v. Brooks*, 832 So. 2d 44, (Ala. 2001) ("Section 6-11-21(a) … provides that "in all civil actions where an entitlement to punitive

damages shall have been established under applicable laws, no award of punitive damages shall exceed three times the compensatory damages of the party claiming punitive damages or five hundred thousand dollars ($500,000), whichever is greater.").

**FORTY-FIFTH DEFENSE**

The imposition of punitive damages in this case would violate the Equal Protection Clause of Amendments Five and Fourteen of the United States Constitution and would deprive each Defendant of the right to equal protection under the law as provided in Article I, §§ 1, 6, and 22 of the Alabama Constitution of 1901, because, among other reasons, criminal Respondents are placed in a position of distinct advantage over civil Respondents of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently specific and objective standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated civil Respondents.

**FORTY-SIXTH DEFENSE**

The imposition of a punitive damages award in this case would violate the due process clause of the Fourteenth Amendment to the United States Constitution; the commerce clause thereof; the equal protection clause thereof; and the privileges and immunities clause thereof, because such punishment would be the product of a state-enforced policy that unconstitutionally discriminates against Wachovia in punitive damages cases based on the status of those Respondents, such as the corporate Defendant in the case at bar, as large, out-of-state corporate entities.

**FORTY-SEVENTH DEFENSE**

Section 6-5-410 of the CODE OF ALABAMA (1975) is a violation of the United States and Alabama Constitutions in that it deprives Wachovia of its right to a jury trial guaranteed by the

Seventh Amendment to the United States Constitution and Article I, § 11 of the Alabama Constitution by allowing punitive damages to be assessed and imposed based on the conduct of persons or entities other than Wachovia or its agents or employees and/or without apportionment of damages based on the degree of culpability of Wachovia, if any.

### FORTY-EIGHTH DEFENSE

The assessment of punitive damages in this action would violate the Commerce Clause of Article 1, § 8 of the United States Constitution to the extent that such award punishes acts or omissions which have allegedly occurred solely outside of state boundaries.

### FORTY-NINTH DEFENSE

With respect to Plaintiff's demand for punitive damages, Wachovia specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of such damage awards which arose in the decision of *State Farm Mut. Auto Ins. Co v. Campbell*, 123 S.Ct. 1513 (2003).

### FIFTIETH DEFENSE

Plaintiff's claim for punitive damages are barred by (i) the proscription of the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, prohibiting the imposition of excessive fines, and (ii) § 15 of the Constitution of the State of Alabama prohibiting the imposition of excessive fines.

### FIFTY-FIRST DEFENSE

Plaintiff's claim for punitive damages are barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, § 9 of the Constitution of the State of Alabama.

**FIFTY-SECOND DEFENSE**

To the extent that Alabama substantive law applies, Plaintiff's punitive damage claim is governed by ALA. CODE § 6-11-21, as amended, and Plaintiff cannot recover more than allowed by that statute.

Wachovia reserves the right to assert additional defenses as discovery progresses in this case.

/s/ Janine L. Smith
Janine L. Smith (SMI243)
Amanda M. Beckett (BEC029)

Attorneys for one of the Defendants,
Wachovia Bank, National Association

**OF COUNSEL**:

**BURR & FORMAN LLP**
3400 Wachovia Tower
420 North 20th Street
Birmingham, AL  35203
Telephone:    (205) 251-3000
Facsimile:    (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by Notice of Electronic Filing, or, if the party does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 12th day of May 2008.

K. Anderson Nelms
Attorney for Plaintiff
Anderson Nelms & Associates, LLC
P. O. Box 5059
Montgomery, AL  36103

Kirkland E. Reid
Attorney for Equifax Information Services, LLC
Miller, Hamilton, Snider &Odom, LLC
254 State Street
Mobile, AL 36603

L. Jackson Young, Jr.
Attorney for Experian
Ferguson, Frost & Dodson, LLP
2500 Action Road, Suite 200
Birmingham, AL 35243

Kary Bryant Wolf
Attorney for Trans Union, LLC
Watson Wells & Birchall, LLP
P. O. Box 83062
Birmingham, AL 35283-0642

/s/ Janine L. Smith
OF COUNSEL

1664415 v2