IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRETT KNUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:07cv608-WHA |
| | ) | |
| WACHOVIA BANK, N.A., | ) | (WO) |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

This case is before the court on a Motion to Reconsider (Doc. #51), filed on behalf of the Plaintiff by the Plaintiff's attorney, K. Anderson Nelms. A review of the file in this case reveals the following:

This case was filed on June 29, 2007. Following briefing on a Motion to Dismiss (Doc. #13), filed by Wachovia Bank, the court entered an order on August 24, 2007 (Doc. #24), giving the Plaintiff until August 31, 2007 to file a response to a new argument raised by Wachovia in its reply to the Plaintiff's Brief in Opposition to the Motion to Dismiss. Failing to meet that deadline, counsel for the Plaintiff filed his brief on September 4, 2007, in response to which the Defendant filed a Motion to Strike, on the basis that the Plaintiff's response was untimely filed (Doc. #26). The court resolved the Motion to Dismiss on the merits, dismissing certain claims with prejudice and one without prejudice, and denied the Motion to Strike as moot (Doc. #27). That order gave the Plaintiff until October 17, 2007, to file an Amended Complaint only as to Wachovia Bank and only on the single claim which had been dismissed without prejudice. On

October 16, 2007 the Plaintiff filed a voluntary Notice of Dismissal, without prejudice, as to Wachovia Bank (Doc. #28).

On February 27, 2008, the Plaintiff filed a Motion to Reinstate Wachovia Bank as a Party Defendant (Doc. #36), to which the Defendant filed a response in opposition (Doc. #39). The court granted the motion only to the limited extent set out in its earlier order, giving the Plaintiff until April 22, 2008, to file an Amended Complaint as limited by the order (Doc. #40).

An Amended Complaint was filed on April 22, 2008 (Doc. #41), but the Amended Complaint went far beyond the limited authorization of the previous order of the court. It repeated claims against Wachovia Bank which had previously been dismissed with prejudice, together with a repeat of claims against other Defendants which had been dismissed with prejudice on motion of the Plaintiff or had been dismissed with prejudice by the court. One of the other Defendants filed a Motion to Dismiss (Doc. #45) on the basis that the court had previously dismissed claims against it with prejudice. The Plaintiff did not respond to a show cause order (Doc. #47) as to that motion, and the motion was granted (Doc. #48).

On June 3, 2008, the day the court granted another Defendant's unopposed Motion to Dismiss, the court reviewed the file in this case, entered an order (Doc. #49) striking the Amended Complaint as failing to comply with the previous order of limited authorization, and giving the Plaintiff until June 10, 2008, to file an Amended Complaint which would comply with the court's previous order. The Plaintiff failed to comply with that order as well, and on June 11, 2008, the court entered an order (Doc. #50) dismissing the case for want of prosecution.

The Motion to Reconsider now before the court was filed on June 20, 2008, pursuant to Rule 60(b), *Fed.R.Civ.P.* The sole justification stated in the motion is that "Plaintiff's failure to

timely file Amended Complaint as ordered was due to inadvertence and mistake." The court finds this to be insufficient to justify reconsideration of its previous order.

It has long been recognized in the Eleventh Circuit, that a movant must prove some justification for relief for Rule 60(b) to apply, and that an attorney's negligence or oversight in failing to timely respond is not such excusable neglect as would require a district court to grant relief under Rule 60(b), even if that attorney is preoccupied with other litigation. *Solaroll Shade and Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986); *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993). It would be difficult, indeed, for the court to expect attorneys to follow its orders if all it took to justify ignoring them was to say that it "was due to inadvertence and mistake." Attorneys have not only a duty to comply with orders of the court, but also a right to expect other attorneys to do the same. Under all the circumstances of this case, the court declines to reconsider its previous order dismissing this case, and it is hereby

ORDERED that the Motion to Reconsider is DENIED.

DONE this 23rd day of June, 2008.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE